PEOPLE v RICHARDS

OPINION OF THE COURT

1. WITNESSES—CRIMINAL LAW—EYEWITNESS IDENTIFICATION—PHOTO-
GRAPHS—PHOTOGRAPHIC IDENTIFICATION—ACCUSED IN CUSTODY
—ACCUSED NOT IN CUSTODY.

Subject to certain exceptions, identification by photograph should
not be used where the accused is in custody; this rule applies to
cases in which the defendant is in custody on a charge or
charges unrelated to the charge on which the photo identifica-
tion procedure is used, but it does not apply to pre-custody
investigations.

2. WITNESSES—CRIMINAL LAW—PHOTOGRAPHS—CORPOREAL LINEUP—
ACCUSED NOT IN CUSTODY—DUE PROCESS.

The use by the police of a photo identification procedure rather
than a corporeal lineup does not violate a defendant's right to
due process where the defendant was not in custody when the
photographs were shown to the witnesses for purposes of identi-
fication.

3. WITNESSES—CRIMINAL LAW—EYEWITNESS IDENTIFICATION—UNSUP-
PORTED TESTIMONY—SUFFICIENCY TO CONVICT.

Unsupported eyewitness testimony, if believed by the trier of fact,
is sufficient to convict.

4. CRIMINAL LAW—PROBATION—CONDITIONS—SEARCHES AND SEIZURES
—SEARCH WITHOUT WARRANT.

Probation is optional and essentially voluntary and a probationer,
who has been granted the privilege of probation on the condi-
tion that he submit at any time to a search without a warrant,
may have no reasonable expectation of traditional Fourth
Amendment protection; the condition is a legitimate and neces-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 368, 369.
Admissibility of evidence of photographic identification as affected
by allegedly suggestive identification procedure. 39 ALR3d 1000.
[3] 29 Am Jur 2d, Evidence § 4.
[4–6] 68 Am Jur 2d, Searches and Seizures § 10.

sary instrument to assist in the regulation of a probationer's activities.

5. Criminal Law—Probation—Conditions—Searches and Seizures —Consent Searches—Validity.

   Orders of probation which include voluntary consent to the search of a probationer's person, residence and automobile, at any time and to the submission to urinalysis or blood test at any time and to carry such consent on his person and to exhibit it to police or probation officers on request are valid conditions of probation, and there is no constitutional barrier to the inclusion of such waivers.

Dissent by N. J. Kaufman, J.

6. Criminal Law—Probation—Conditions—Searches and Seizures —Unreasonableness—Waiver.

   *Acceptance of a term of probation which waives a probationer's constitutional protection is in legal effect coerced and thus rendered nugatory; a probation order which waives searches without warrant must be vacated and held for naught.*

Appeal from Oakland, Arthur E. Moore, J. Submitted March 10, 1977, at Lansing. (Docket No. 27176.) Decided July 11, 1977.

Michael Richards was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Michael J. Modelski,* Assistant Appellate Counsel, for plaintiff.

*Smith, Magnusson & Chartrand,* for defendant.

Before: D. F. Walsh, P. J., and N. J. Kaufman and Allen, JJ.

Per Curiam. Defendant was charged with break-

ing and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. He was twice tried by jury. The first jury was unable to reach a verdict and was discharged. The second jury found the defendant guilty as charged. After conviction the court placed defendant on probation for a period of three years.

At issue in both trials was the identity of the perpetrator of the crime. Defendant contends that the use of a photo identification procedure by the police rather than a corporeal lineup violated defendant's right to due process. We disagree.

In *People v (Franklin) Anderson,* 389 Mich 155, 186–187; 205 NW2d 461 (1973), the Court enunciated the applicable rule:

"1. Subject to certain exceptions, identification by photograph should not be used where the accused is in custody."

The *(Franklin) Anderson* rule applies to cases in which the defendant is in custody on a charge or charges unrelated to the charge on which the photo identification procedure is used. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), *People v (James) Anderson,* 391 Mich 419; 216 NW2d 780 (1974). It does not apply to pre-custody investigations. *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974).

In the instant case the defendant was not in custody when the photographs were shown to the witnesses for purposes of identification. Defendant's constitutional rights were not infringed.

Defendant next contends that the failure of the trial court to give a requested instruction on eyewitness testimony was reversible error. The requested instruction included the following quota-

tion from a report to the British Parliament made by the Committee of Inquiry into the Case of Adolph Beck:[1]

"[E]vidence as to the identity based on personal impressions, however *bona fide,* is perhaps of all classes of evidence the least to be relied upon, and therefore, unless supported by other facts, an unsafe basis for the verdict of a jury."

Such is not the law in Michigan. Unsupported eyewitness testimony, if believed by the trier of fact, is sufficient to convict. *People v Newby,* 66 Mich App 400; 239 NW2d 387 (1976). As to the balance of the requested instruction, it was included in substance in the charge given. There was no error. See, *People v Bradley,* 62 Mich App 39; 233 NW2d 177 (1975).

The next assignment of error relates to the validity of the following condition included in the order of probation:

"6. Respondent shall voluntarily consent that any police officer or probation officer may at any time search him personally, his portion of the home in which he resides, or the vehicle which he may be operating and may take urinalysis or blood test of him for the purpose of ascertaining whether or not he is violating any law or term of probation, and shall carry such consent on his person and shall exhibit it to any police officer or any probation officer at any time requested in good faith and not for harassment."

A panel of this Court has previously held that the court has no power to require, as a condition of probation, the kind of waiver of constitutional protections which is found in this order, and that

[1] Committee of Inquiry into the Case of Adolph Beck, p vii (London, 1907); Watson, Trial of Adolph Beck (1924), p 250.

the probationer's consent to such a condition is in legal effect coerced and therefore a nullity. *People v Peterson,* 62 Mich App 258; 233 NW2d 250 (1975). We are persuaded, however, that Judge DANHOF's dissent in *Peterson* is better reasoned and we adopt the reasoning of that dissent in our determination of this issue. Accordingly, we find no constitutional barrier to the inclusion of a waiver, such as the one objected to in this case, as one of the conditions in an order of probation.

We have carefully considered defendant's remaining assignments of error and find them to be without merit. The defendant's conviction is affirmed.

N. J. KAUFMAN, J. *(dissenting).* I would hold that the part of the probation order relating to warrantless searches must be vacated and held for naught for the reasons carefully outlined by Judge O'HARA in the majority opinion in *People v Peterson,* 62 Mich App 258; 233 NW2d 250 (1975).