Argued January 19, affirmed April 2, 1979

HOWARD JESSE COLDIRON,
aka Brownie Coldiron, *Appellant,*
*v.*
BOARD OF COMMISSIONERS FOR
CURRY COUNTY, et al *Respondents.*
(No. C-78-1-5, CA 11455)

592 P2d 1053

Arthur J. Clark, Eugene, argued the cause for appellant. With him on the brief were Robert E. Moulton, and Hershner, Hunter, Miller, Moulton & Andrews, Eugene.

William N. Wallace, Curry County District Attorney, Gold Beach, filed the brief for respondents.

Before Schwab, Chief Judge, Tanzer, Richardson, and Roberts, Judges, and Bryson, Judge Pro Tempore.

RICHARDSON, J.

**RICHARDSON, J.**

In this writ of review proceeding, petitioner challenges his removal as a member of the Curry County General Hospital Board (Hospital Board) by the Board of County Commissioners (Commission). *See* ORS 440.110 – 440.230. He appeals the order dismissing the writ, asserting that the Commission's findings of fact and conclusions are not supported by substantial evidence and that the Commission is not an impartial tribunal and, therefore, he was denied due process.

Petitioner was appointed as a member of the Hospital Board on April 18, 1977, for term of six years. ORS 440.140(1) and 440.150(1). On July 1, 1977, the Commission adopted an order removing all the members of the Hospital Board and appointing new members. This action was not preceded by a notice to the Hospital Board members or a fact finding hearing. All of the Hospital Board members then filed a petition for a writ of review. The circuit court annulled the dismissal order, finding

> "* * * that respondents [commissioners] failed to follow proper procedures by not providing petitioners their constitutional due process rights by giving written notice from respondents to each of petitioners that his or her removal was being considered and stating the reason or reasons therefor and that a hearing would be afforded him or her before the respondents at a date and time that would afford him or her a reasonable time within which to prepare a response."

The Commission did not appeal that order granting the writ. After the writ was issued, the Commission adopted an order to:

> "* * * set a date for hearing to determine if cause exists to remove the hospital board and to give written notice to each board member that such hearing will be held and the [purpose] of the hearing together with the reason or reasons the board will consider in making a determination.* * *"

[497]

In response to a letter from the attorney representing all the Hospital Board members, the Commission agreed to hold a separate hearing for each member, to allow a transcript of the proceedings and to issue a written order containing findings of fact and conclusions. The district attorney was instructed to draw up a written notice of the hearing containing the specifications for removal and to serve this notice on each Hospital Board member.

The attorney, in the letter, also requested that an impartial tribunal be appointed to hear the matter. At the time set for the hearing regarding removal of petitioner, he submitted affidavits of prejudice against all three commissioners and requested they disqualify themselves. One commissioner did so. The remaining two commissioners executed affidavits stating they would make a decision based only on the evidence.

Just prior to the hearing on the merits of petitioner's removal, his counsel questioned each of the two remaining commissioners regarding the allegations respecting prejudice contained in his affidavits. The commissioners were not under oath but responded to the questions and offered explanations of their prior contacts and conduct.

Following the hearing the Commission issued an order containing findings of fact and conclusions and ordered petitioner removed from the Hospital Board.

The Commission, in its brief, stated that petitioner was entitled to due process in connection with his removal from the Hospital Board in terms of a written notice of the charges, an opportunity to confront the evidence against him and to present evidence on his own behalf.[1] Petitioner does not quarrel with the hearing procedure except to allege that the Commission was biased and was therefore not an impartial

---

[1] In light of respondent's concession that petitioner was constitutionally entitled to these proceedings we express no opinion as to whether they are required by ORS 440.150(2).

body. He argues that due process requires an impartial tribunal.

■ Petitioner's due process challenge is based on two distinct theories. The first is that bias is implicit in the joining of the investigating, supervising and adjudicating function in one body. It is well established that implied bias does not require a separation of these functions in order for the hearing to comport with due process. *Fritz v. OSP*, 30 Or App 1117, 569 P2d 654, (1977); *Withrow v. Larkin*, 421 US 35, 95 S Ct 1456, 43 L Ed 2d 712 (1975); *Hortonville Dist. v. Hortonville Ed. Assn.*, 426 US 482, 96 S Ct 2308, 49 L Ed 2d 1 (1976); *Van Gordon v. Oregon State Bd of Dental Exam.*, 34 Or App 607, 579 P2d 306, *rev den* 284 Or 235 (1978).

■ The second theory is that members of the tribunal are biased in fact in that they have prejudged the matter to such an extent that due process requires disqualification. *See Staton v. Mayes*, 552 F2d 908 (10th Cir 1977), *cert den* 434 US 907 (1978). The appointed Hospital Board operates the hospital under the supervision of the Commission, ORS 440.140(1). The Commission is invested with authority to remove a Hospital Board member for cause, ORS 440.150(2). The inevitable result of the statutory plan is that the Commission will come into possession of information respecting the functioning of the Hospital Board and will make decisions respecting the Hospital Board. Petitioner introduced into the record certain minutes of prior Commission meetings, affidavits alleging prior statements and actions of the Commissioners respecting removal of the Hospital Board and unsworn statements of the Commissioners. This evidence, even if true, establishes that the Commission was doing the job given it by statute and shows only implied bias which is not sufficient to deny petitioner due process. *Hortonville Dist. v. Hortonville Ed. Assn., supra; Gregg v. Racing Commission*, 38 Or App 19, 588 P2d 1290 (1979).

[499]

■ The next issue raised by petitioner is whether there was substantial evidence to support the findings of fact and whether the findings supported the conclusion that there was cause for his removal. Because we accept the Commission's conclusion, set out in its brief, that petitioner was entitled to a hearing we review the action of the Commission for substantial evidence. Petitioner argues that a broader scope of review of the evidence is called for when there is a substantial question as to the partiality of the decision maker. This broader scope of review, he contends, requires the circuit court and this court to more closely examine the record to determine whether the proper standards have been applied, whether the evidence supports the decision and whether the entire proceedings was fair.

The substantial evidence rule, ORS 34.040(3), is sufficient protection from arbitrary or politically motivated decisions. Whatever degree of scrutiny is applied the test remains the same;

"* * *The reviewing court * * * is not to substitute its judgment for that of the city council or to determine which side has presented the greater weight of evidence, but simply to decide whether the record contains substantial evidence to support the decision.* * *" *Braidwood v. City of Portland,* 24 Or App 477 at 480, 546 P2d 777, *rev den* (1976).

■ The Commmission made findings of fact regarding statements petitioner made during a Hospital Board meeting. They also made findings that these statements were at variance with actions the Hospital Board had taken at a prior meeting. These findings were supported by substantial evidence. In substance, petitioner's primary contention is that the Commission drew the wrong inferences from the evidence presented. Drawing inferences from the facts is within the province of the decision maker. We are not at liberty to substitute our judgment for that of the Commission or to draw contrary inferences.

From the facts as found and the inferences drawn the Commission concluded petitioner's lack of candor

caused a lack of trust which diminished his effectiveness as a Hospital Board member. We conclude there was substantial evidence and substantial reasoning to support the decision to remove petitioner.

Affirmed.