169 N.J. Super. 553 (1979)
405 A.2d 432
STATE OF NEW JERSEY, PLAINTIFF,
v.
BRUCE BOLLINGER, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 6, 1979.
*555 Mr. William Gradisher, Assistant Passaic County Prosecutor, for plaintiff (Mr. Burrell Ives Humphreys, Passaic County Prosecutor, attorney).
Mr. Joseph T. Afflitto for defendant (Messrs. Diamond, Diamond & Afflitto, attorneys).
MARCHESE, J.S.C.
Defendant comes before the court on a motion to suppress evidence obtained during a search of his home and automobile on July 24, 1978.
Defendant was convicted on May 16, 1978 for a controlled dangerous substance offense, and placed on probation, under the supervision of the Passaic County Probation Department. As part of the terms of his probation defendant signed the "Standard Conditions of Probation for Adult Offenders" and also the "Special Conditions of Probation for Drug and Alcoholic Dependency." These conditions of probation were fully explained to defendant on May 16, 1978 by a Passaic County Probation Officer, and after reading the two documents defendant signed both forms, indicating his acceptance into probation.
Pursuant to Condition Six of the Drug and Alcoholic Dependency probation Form, three officers of the Passaic County Probation Department went to defendant's home on July 24, 1978 at about 9:15 P.M. Condition Six of the Drug and Alcoholic Dependency probation form states:
The probationer shall submit at any time to a search by a representative of the probation department of his person and any places or things under his immediate control.
While approaching the front door of the defendant's home the probation officers saw the defendant, through a window, place a substance in his mouth while standing in his living *556 room. One of the probation officer's told the defendant to open the door and let them in, and defendant complied with the officer's request. The officer asked defendant to place the substance he had put in his mouth into the officer's hand, which defendant then proceeded to do. The officer asked defendant what the substance was, and defendant replied that it was marijuana. Defendant was told by a probation officer that he was under arrest, while the other two probation officers proceeded to search the house for approximately 15 to 20 minutes. The search revealed no contraband. The probation officers then called the West Milford Police in order to transport defendant to jail.
The West Milford police arrived approximately 20 minutes later, and while the probation officers were escorting defendant to the patrol car, two probation officers decided to search defendant's automobile which was parked in the driveway on his property. One of the probation officers knew it was defendant's automobile because he had searched the automobile on a previous occasion. The search of the car yielded a plastic bag under the driver's seat containing a quantity of vegetation later tested and found to be marijuana.
Defendant in oral argument raises two points: (1) there was a lack of consent to the search of the automobile at the given time, since defendant was handcuffed at the time and so the automobile was not under his immediate control; (2) the fruits of search can only be used for a charge of violation of probation and not as the basis of a new indictable offense.
The State argues that the search of the house and the automobile falls within the acceptable purview of Condition Six of the Drug and Alcohol Dependency rules, and that by agreeing to the rules defendant waived his Fourth Amendment rights in this regard.
The question then before the court is: Are the Drug Dependency rules, specifically Condition Six, as applied to probationers convicted of controlled dangerous substances *557 offenses, violative of the probationers' Fourth Amendment rights?
At present the courts of New Jersey have not construed Condition Six of the Drug Dependency rules as applied to probationers. Fortunately, however, other jurisdictions have dealt with the status of a probationer with respect to the Fourth Amendment and have examined the permissible scope of the conditions that may be imposed upon a probationer. Unfortunately, however, the cases decided in the other jurisdictions are not uniform in result.
The federal courts have dealt with searches and seizures involving probationers and or parolees on many occasions. In Latta v. Fitzharris, 521 F.2d 246 (9th Cir.1975), cert. den. 423 U.S. 897, 96 S.Ct. 200, 46 L.Ed.2d 130 (1975), the Court of Appeals for the Ninth Circuit held that where a parolee is arrested by his parole officer with a pipe of marijuana in his hand, a warrantless search of the parolee's home by the parole officer was reasonable and the use of evidence obtained therein was not limited to the parole revocation proceedings. While it is realized that the instant case involves a probationer and not a parolee, various courts have treated parolees and probationers in the same way with regard to their rights. See United States v. Consuelo-Gonzalez, 521 F.2d 259 (9 Cir.1975); State v. Generoso, 156 N.J. Super. 540 (App. Div. 1978). The court in Latta, supra, said that a parolee and his home are subject to search by a parole officer if he believes the search is necessary in the performance of his duties. The court warned however, that full-blown searches of parolees' homes whenever and as often as the parole officer feels like it, are impermissible. The court said that the warrant requirement could be dispensed with because of the special relationship between parolee and parole officer, and that this type of search can be likened to those types of administrative searches where a warrant has not been required, citing United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972); Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, *558 25 L.Ed.2d 60 (1970); Wyman v. James, 400 U.S. 309, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971).
In a case decided on the same day in the Ninth Circuit, Consuelo-Gonzales, supra, the court held that a search of defendant's home conducted by police officers, pursuant to a federal probation condition that defendant submit to a search of her person or property at any time when requested by a law enforcement officer, was invalid. The court said that such terms of probation should be reasonably related to the purposes of the Federal Probation Act, which are to rehabilitate the convict and to protect the public. The court said that the following condition of probation would more properly reflect the goals of probation:
That she submit to search of her person or property conducted in a reasonable manner and at a reasonable time by a probation officer. [521 F.2d at 263]
The court recognized (at 265) that probationers are subject to limitations from which ordinary persons are free. It continued by saying (at 265) that when fundamental rights are waived the search must be done in a careful manner and with the knowledge that the infringement serves the broad purposes of probation. With regard to the Fourth Amendment, the court wrote that some forms of search by probation officers are compatible with probation, and also that in terms of certain drug offenses searches are essential to the proper functioning of the probationary system. Ibid. The court concluded by saying (at 266) that probation authorities have a special interest in invading the privacy of probationers and that this special interest does not extend to law enforcement officers generally.
In United States v. Gordon, 540 F.2d 452 (9 Cir.1976), probationer was convicted of possessing an illegal firearm and a controlled dangerous substance. The contraband was found during a search conducted by a probation officer along with the police, after the probation officer was informed that *559 defendant was violating a condition of his probation. The condition under which the search was conducted read as follows:
* * * shall submit to search of his person, home or vehicle at any time of the day or night by any law enforcement or other authorized officer without their need for a search warrant. * * *
The court held, in following Consuelo-Gonzales, supra, that the part of the condition that said any law enforcement officer can conduct a search was overbroad, but since the condition was narrowly construed in that a probation officer initiated the search, the motion to suppress the contraband seized was properly denied.
The Court of Appeals for the Ninth Circuit had, in United States v. Jeffers, 573 F.2d 1074 (1978), the opportunity to scrutinize a condition of probation which is very similar to Condition Six, the subject of this inquiry. The condition in Jeffers, provided that
You shall submit person and property to search and seizure at any time of the day or night when so requested by a probation officer with or without probable cause.
The court held that this above condition was overly broad, but it did not specifically single out the offensive portions. Despite the fact that the court criticized the condition, it upheld the search citing Gordon, supra, saying that a search pursuant to a probation condition that is overly broad will be upheld where the authority is narrowly and properly exercised. The court said that the probation officer had reason to believe that defendant was violating his probation, and that the search which yielded an illegal firearm took place at a reasonable time and in a reasonable manner. The court, however, did not elaborate on the specific details of the search.
The Court of Appeals for the Fourth Circuit held completely contrary to the decisions coming from the Ninth Circuit. In United States v. Bradley, 571 F.2d 787 (1978), *560 the court completely rejected the rationale behind the Latta decision, supra. The court held that unless an exception to the warrant requirement can be found, a parole officer must obtain a warrant prior to conducting a search of the parolee's residence, even where, as a condition of parole, the parolee has consented to periodic and unannounced visits by his parole officer.
Turning to the state systems, the highest court to deal with a search pursuant to probationary rules, was the California Supreme Court in People v. Mason, 5 Cal.3d 759, 97 Cal. Rptr. 302, 488 P.2d 630 (1971), cert. den. 405 U.S. 1016, 92 S.Ct. 1289, 31 L.Ed.2d 478 (1972). The Court there had to determine whether a condition of probation where a probationer must submit his person, residence and or vehicle to search and seizure at any time of the day or night, to any law enforcement officer, was constitutionally proper.
Defendant in Mason was on probation for a drug offense when, pursuant to a tip that he had participated in some burglaries, officers went to his residence and searched without his consent, finding contraband in his residence and automobile. The court determined that the probationer's consent was not required to conduct a search of his residence, person and vehicle. It reasoned that if consent was needed before a search could commence, it would be difficult to detect any wrongdoing the probationer might be committing. The court further determined that a search pursuant to the previously mentioned condition of probation did not constitute an unreasonable invasion of defendant's rights. The court said that the purpose of such a condition is to deter further offenses by the probationer and to find out whether he is complying with the terms of his probation. It continued by holding that the condition of probation is reasonable because it is related to the probationer's reformation and rehabilitation in the light of the offense for which he was convicted.
To bolster its position the court cited Zap v. United States, 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477 (1946), where the Supreme Court held that an advance waiver of Fourth *561 Amendment rights as a condition of gaining a government contract was constitutionally proper. In that case a contractor agreed to keep accounts and records open at all times to government inspection. During one of the government inspections certain evidence of fraud was uncovered and defendant was subsequently convicted. The California Supreme Court in Mason extended the holding in Zap to say that a defendant's waiver of some Fourth Amendment rights in order to avoid a custodial sentence and gain probation is proper for constitutional purposes.
The Supreme Court of New York, Appellate Division, upheld a search of a probationer in People v. Fortunato, 50 A.D.2d 38, 376 N.Y.S.2d 723 (1975), pursuant to the following rules:
8. That you permit search of your person and seizure of any narcotic implements and/or illegal drugs found, such search to be conducted by a Probation Officer or a Probation Officer and his agent.
9. That you permit search of your vehicle and place of abode where such place of abode is legally under your control, and seizure of any narcotic implements and/or illegal drugs found, such search to be conducted by a Probation Officer or a Probation Officer and his agent.
The New York court upheld the warrantless search by a probation officer and police in that case on the following grounds: (1) by reason of the need to supervise a person on probation or parole, such person does not enjoy the full panoply of rights afforded law-abiding citizens under the Fourth Amendment; (2) what is unreasonable in searching a law-abiding citizen may be reasonable in seaching a parolee, and (3) citing Latta v. Fitzharris, and Consuelo-Gonzalez, supra, the court held that neither a warrantless search of a probationer's person or property nor waiver of Fourth Amendment rights as a condition of probation, transgresses constitutional limitations. Fortunato at 723.
Defendant, an admitted drug user, challenged the constitutionality of the following condition of probation in State v. Fisher, 32 Or. App. 465, 574 P.2d 354, rev. den. 283 Or. 99 (1978):
*562 * * * the defendant shall consent to the search of her person, premises, or any vehicle she may be operating at any time of the day or night by a police officer for the purpose of determining whether or not the Defendant has any drugs in her possession or any use of any drugs.
In a prior case the Court of Appeals of Oregon had to consider the standards regulating the Fourth Amendment relationship of a probationer and a probation officer. State v. Culbertson, 29 Or. App. 363, 563 P.2d 1224, 1228 (1977). The Court in Fisher, supra, citing Culbertson, said that a probationer is a free person possessed of all civil rights except those which are taken away from him for probationary purposes. The court continued by saying that the magistrate has the broadest possible power to formulate appropriate conditions of probation in each case. Probationary conditions, then, must reasonably aid the objectives of supervised probation. Where conditions diminish constitutionally protected expectations of privacy they should be tested by the necessities for making probation effective.
It is this court's finding that the search of defendant's residence and automobile conducted by the probation officers did not violate his Fourth Amendment rights. The court rests its findings in part on the previously mentioned decisions coming from the Ninth Circuit in the federal system  Mason v. California, People v. Fortunato and State v. Fisher, all supra.
Looking at those cases together, one can see the following themes running through them:
1. A probationer does not enjoy the full benefit of all the rights guaranteed under the Constitution, as the probationer willingly waives some of his rights, in varying degrees, in order to avoid incarceration.
2. The purpose of a search provision pursuant to a probation agreement is to deter further offenses by the probationer and to ascertain whether the probationer is complying with the terms of his probation.

*563 3. Such conditions (search provisions) should be related to the purposes of probation, which are to rehabilitate the convict and to protect the public.
4. Such conditions (search provisions) should be related to the probationer's reformation and rehabilitation in terms of the offense for which the probationer was convicted.
5. A special relationship exists between a probationer and his probation officer whereby the officer has an interest invading the privacy of the probationer to an extent that he can ascertain that the probationer is complying with the terms of his probation.
The court finds that the visit, arrest and search conducted by officers of the Passaic County Probation Department, of defendant's person, home and automobile, were within the above "guidelines" gleaned from the previously discussed federal and state cases.
Our Appellate Division has held that a defendant can be placed on probation only if it is in the best interests of the public and of defendant. State v. Gibson, 156 N.J. Super. 516 (1978); N.J.S.A. 2A:168-1 et seq. Probation presumes that a defendant can be rehabilitated without serving a jail sentence and is designed to accomplish that goal. State v. Gibson, supra; In re Buehrer, 50 N.J. 501 (1967). Protection of the public depends in part on maximum contact between probation officer and probationer. State v. McCain, 150 N.J. Super. 497 (App. Div. 1977). Probation is not meant to be painless; probation has an inherent stain, and restrictions upon the freedom of a probationer are realistically punitive in quality. In re Buehrer, supra. Generally speaking, a probationer should be permitted to remain at large and to be relieved from serving his sentence only so long as he complies with the conditions of probation. State v. Gibson, supra 156 N.J. Super. at 528.
It would seem that the New Jersey courts, as well as the previously mentioned courts of other jurisdictions, are interested in the probationer's rehabilitation and in protecting *564 the public. In line with this interest the courts of New Jersey have said that restrictions can be placed on a probationer; that maximum contact between a probation officer and the probationer is to be promoted, and that the probationer should comply with the terms of his probation. This court believes that in order to promote the above goals probation authorities should have ways of determining whether the probationer is in fact complying with his conditions of probation; and where the probationer has been a drug offender, a search of defendant's residence or vehicle to determine whether the probationer is harboring any drugs is fully justified. The court, however, feels that these searches should only be conducted by probation officers; at reasonable times and in a reasonable manner.
In light of the foregoing the court finds that defendant did give a valid and knowing consent to a search of his dwelling and automobile when he agreed to Condition Six of the Drug and Alcohol Dependency Rules. Since the automobile was parked on private property occupied by defendant, there can be no question that the automobile, so parked, was under his custody and control. The court also finds that the evidence seized can be used against defendant in a new indictable offense, and not merely against him in probation revocation proceedings. To hold otherwise would be illogical.
Motion denied.