STATE OF NEBRASKA, APPELLEE, v. RODNEY MORGAN, APPELLANT.

295 N. W. 2d 285

Filed July 29, 1980. No. 42974.

Donald B. Fiedler, for appellant.

Paul L. Douglas, Attorney General, and Harold

Mosher, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

The defendant, Rodney A. Morgan, has appealed to this court from a judgment entered by the District Court for Lincoln County, Nebraska, finding him guilty of violating the terms and conditions of a certain order of probation entered on October 27, 1975, in connection with his conviction for the offense of knowingly and intentionally distributing, delivering, or dispensing a controlled substance, to wit, marijuana, to another person. In its judgment entered on July 9, 1979, the trial court ordered that defendant's probation should be extended for an additional period of 90 days; that the search provision contained in paragraph 14 of the Order of Probation should be deleted; that the defendant should pay a fine in the amount of $100; and that he should pay the costs of the action.

In its Order of Probation, entered on October 27, 1975, the trial court sentenced the defendant to probation for a period of 3 years under certain terms and conditions and subject to the further order of the court. In addition to various statutory conditions, including one that the probationer shall refrain from all unlawful conduct, the court included condition 14 reading as follows: "That he shall submit to a search of his person or property at any time by any Law Enforsement [sic] Officer, with or without probable cause, *for controlled substances*." (Emphasis supplied.) Involved in this appeal is a determination of the validity and constitutionality of condition 14 set out above, and whether such condition is reasonably related to the rehabilitation of the offender.

There is little if any dispute as to the facts involved in this case. The record reveals that on June

21, 1978, an individual taken into custody for questioning in connection with the possession of marijuana, advised the police that he had purchased a controlled substance from a party named "Rod." In an effort to identify the seller of the substance, the suspect was shown a photograph of the defendant Morgan for identification, but the suspect responded that he could not remember for certain, but that the photograph did not resemble the party who had sold the substance to him. Armed with this information and under the authority contained in condition 14 of the probation order, the probation officer and a police officer went to Morgan's residence, which was the home of his mother with whom he was living at the time, and advised Morgan of their identity, the purpose of the visit, and of condition 14 in the probation order. Morgan then responded: "Okay, you can search my room." It is conceded by the State, and was stipulated by counsel for both parties, that at that time the officers did not have sufficient independent information to justify the search on the basis of "probable cause." It is clear that at the time the officers were relying upon the consent of the defendant to search, contained in condition 14 of the probation order, of which condition he (defendant) was aware and consented to at the time he was placed on probation. During the course of the search, a quantity of a substance later determined to be marijuana, was found in Morgan's bedroom and on his person.

Thereafter, on June 22, 1978, the State filed a motion to revoke Morgan's probation, alleging that he had violated condition 1 of his probation order which required him to refrain from all unlawful conduct. Morgan then moved to suppress the evidence seized in the search by the officers on June 21, 1978, alleging that the search was without probable cause, and that condition 14 of the probation order was a violation of his constitutional rights. The District

Court denied defendant's motion to suppress stating:

> The Court finds that since the consent to a search in the Probation Order was limited to a search by a law enforcement officer, but only for controlled substances and there were some grounds to search in the instant case, the search was not illegal, but by prior consent, and the Court finds that the motion to suppress should be overruled. The Court further finds that particularly in cases involving controlled substances prior consent to searches could strongly tend to rehabilitate. The Court further adopts the reasoning of the case of *People vs. Mason* at 488 P. 2d 630.

As previously stated, at a subsequent hearing, the District Court found that Morgan had violated the terms of the conditions of his probation and entered the judgment previously referred to, extending his probation for an additional 90 days, fining him $100 and the costs of the action, and deleting condition 14 of the probation order. In his appeal from that judgment, Morgan contends that the evidence upon which he was convicted was obtained as the result of an unlawful search and seizure and thus was inadmissible.

Since it is conceded by the parties that "no probable cause" existed for the officers' search of his room and person, the search in which the evidence was obtained must be validated, if at all, upon the consent contained in condition 14 of the probation order.

Morgan contends, first and primarily, that the condition of the probation order allowing searches without probable cause is unconstitutional. He asks us to declare such conditions contained in probation orders authorizing warrantless searches to be invalid in this state. Although the validity of such conditions has apparently not heretofore been de-

cided by this court, the subject matter has been a fruitful field for legal analysis and comment, and many articles have been written upon the subject. For example, see, Note, *Fourth Amendment Limitations on Probation and Parole Supervision,* 1976 Duke L. J. 71; Note, *Search and Seizure Rights of Parolees and Probationers in the Ninth Circuit,* 44 Fordham L. Rev. 617 (1975); and Annot., *Validity of Requirement That as Condition of Probation, Defendant Submit to Warrantless Searches,* 79 A.L.R. 3d 1083 (1977).

Respectable and well-reasoned authorities exist on both sides of the question. Numerous jurisdictions, which we believe represent the weight of authority, have examined and passed upon the validity of conditions of probation allowing warrantless searches by law enforcement officers and/or probation officers, and have found them to be valid and not in contravention of the fourth amendment of the United States Constitution, particularly when the condition in question is reasonably related to the crime for which the probationer was convicted. See, for example, *United States v. Gordon,* 540 F.2d 452 (9th Cir. 1976); *People v. Mason,* 5 Cal. 3d 759, 488 P.2d 630, 97 Cal. Rptr. 302 (1971), *cert. denied,* 405 U.S. 1016 (1972); *State v. Montgomery,* 115 Ariz. 583, 566 P.2d 1329 (1977); *State v. Schlosser,* 202 N.W.2d 136 (N.D. 1972); *State v. Mitchell,* 22 N.C. App. 663, 207 S.E.2d 263 (1974); *People v. Santos,* 31 App. Div. 2d 508, 298 N.Y.S.2d 526 (1969), *cert. denied,* 397 U.S. 969 (1970); *State v. Cummings,* 262 N.W.2d 56 (S.D. 1978); *People v. Constancio,* 42 Cal. App. 3d 533, 116 Cal. Rptr. 910 (1974); *Roman v. State,* 570 P.2d 1235 (Alaska 1977); *State v. Bollinger,* 169 N.J. Super. 553, 405 A.2d 432 (1979); *Seim v. State,* 95 Nev. 62, 590 P.2d 1152 (1979).

On the other hand, other jurisdictions, for various reasons, have held such provisions to be invalid, either as violating the fourth amendment of the

United States Constitution, or as being vague and overbroad. See, *United States v. Consuelo-Gonzalez,* 521 F.2d 259 (9th Cir. 1975); *Tamez v. State,* 534 S.W.2d 686 (Tex. Crim. App. 1976); *People v. Peterson,* 62 Mich. App. 258, 233 N.W.2d 250 (1975), *leave to appeal denied* [but see, *People v. Richards,* 76 Mich. App. 695, 256 N.W.2d 793 (1977)]; *Grubbs v. State,* 373 So. 2d 905 (Fla. 1979); *State v. Age,* 38 Or. App. 501, 590 P.2d 759 (1979).

So far as we have been able to ascertain, the Supreme Court of the United States has never passed upon the issue presented.

In an annotation entitled *The Validity of Requirement That, as Condition of Probation, Defendant Submit to Warrantless Searches,* found at 79 A.L.R.3d 1083 et seq., the author of that annotation states at page 1087 the conclusions reached by him after an analysis of the authorities as follows:

> With few exceptions, it has been held that the United States Constitution is not violated by the requirement that a probationer submit to warrantless searches as a condition of probation. It is said that the probationer is free to reject probation if the conditions attached thereto are too onerous, that a warrantless search condition is an extremely valuable aid in rehabilitating the probationer because most crimes involve the possession of incriminating evidence and if a probationer knows he can be searched at any time without warning, he is less likely to engage in such criminal activity, that the purpose of unprovoked searches of the probationer is to determine not only whether he is disobeying the law, but also whether he is obeying the law, and that since a probationer's incarceration is being suspended in an effort to rehabilitate him, the standards for a reasonable search of the probationer are much

less than those of an ordinary citizen.

In deciding this issue, we are particularly persuaded by the language and reasoning of the court in *State v. Montgomery, supra.* In that case, the court held that a condition of probation requiring defendants to submit to search and seizure of person or property at any time by a police officer or probation officer without the benefit of a search warrant was not constitutionally overbroad nor a violation of defendant's fourth amendment rights, stating:

> Probation is a form of punishment, [citation omitted], and the court may require that a defendant comply with numerous conditions of probation when, in the opinion of the court, such conditions aid in the rehabilitation process or prove a reasonable alternative to incarceration as punishment for the crime committed. . . .

> Of course, Condition No. 11 [allowing for warrantless searches of probationer by any police officer at any time] is a restriction upon the defendant's privacy, but this does not make the condition unconstitutional. While defendant is on probation his expectations of privacy are less than those of other citizens not so categorized. It is not an unreasonable or an unconstitutional limitation upon his right to be free from unreasonable searches and seizures. . . . "[P]ersons conditionally released to society, such as parolees, may have a reduced expectation of privacy, thereby rendering certain intrusions by governmental authorities 'reasonable' which otherwise would be invalid under traditional constitutional concepts, at least to the extent that such intrusions are necessitated by legitimate governmental demands. . . ." [Citation omitted.]

Id. at 584, 566 P.2d at 1330.

While we are of the opinion that such conditions should be sparingly imposed and should be reasonably related to the offense for which the defendant was convicted, nevertheless, under the facts presented in this case, there can be little doubt that the condition was valid, proper, and reasonably enforced.

The record is clear that Morgan had been previously convicted of a drug offense and had been sentenced to probation under certain terms and conditions, including condition 14 involved in this appeal. Condition 14 was fully explained to him and he accepted that condition and consented to it as part of the order of probation. It is true that Morgan argues in his brief on appeal that his consent to such condition was invalid and was a coerced consent because of the fact that he had to accept it to avoid going to prison. We agree with the trial court in its conclusion that his consent was not a coerced consent, but was rather a "choice." Morgan had already been convicted and could have been imprisoned by the court and not placed on probation. Morgan clearly had the choice of submitting to the conditions and remaining out of prison on probation or serving a prison term in the penal complex. If acceptance of this term of probation to avoid going to prison amounts to coercion, the same argument would apply equally to any condition attached to the granting of probation, and the coercion rule would consequently invalidate all conditions of probation. Morgan obviously concluded that it was in his best interests to accept the conditions of probation and avoid imprisonment. His ultimate decision was not based on "coercion," but on a "choice."

In any event, subsequent to Morgan's being placed on probation, his residence was searched by *both* a probation officer and a law enforcement officer under the authority contained in condition 14 and, as a result of such search, additional drugs were found in his possession. This clearly constituted "unlawful

conduct'' on his part, in violation of condition 1 of his probation order.

It is clear that the search of Morgan's premises was a "consent" search under the authority contained in condition 14. In *State v. Rathburn,* 195 Neb. 485, 239 N.W.2d 253 (1976), we held that a consent, freely and intelligently given, validates a search even if the suspect was not under arrest or if the officer did not have a search warrant. We also held in that case that the voluntariness of a consent to search is a question of fact to be determined by the totality of the circumstances. We think it is clear that the trial court was correct in finding that the consent to search given by Morgan was freely and voluntarily given and that the evidence obtained through such search was not subject to suppression.

There can be no doubt that criminal activities in the field of drug offenses or on the part of drug offenders are frequently uncovered only through searches of the personal property of the defendant or of the defendant himself. To the extent that the possibility of such searches restrains previously convicted drug offenders from further activity in that field, it clearly aids in the rehabilitation process. Were we to flatly prohibit such searches under provisions similar to those contained in the probation order in this case, we would, we believe, unnecessarily impede and hamper law enforcement authorities, as well as the probation process itself. Reasonable searches are necessary and should be permitted in order to determine whether the probationer is abiding by the conditions of the probation, so that those supervising such persons may determine whether the probationer is making progress in rehabilitation efforts, particularly in drug offenses, or whether the probationer has fallen by the wayside and has resumed his or her incursions into the field of drug addiction, drug abuse, and similar activities.

We therefore hold that conditions in probation or-

ders requiring the probationer to submit to warrant-less searches, to the extent that they contribute to the rehabilitation process and are done in a reasonable manner, are valid and constitutional. The facts in the instant case fall within the purview of the rule announced and we conclude that the District Court was correct in holding that the search in this case was valid and that the evidence seized thereby was admissible.

One further matter requires comment. In the order of the District Court denying defendant's motion to suppress evidence seized in the search, the trial judge found, among other things, that "there were some grounds to search in the instant case . . . ." Morgan contends that this finding was erroneous and not supported by the evidence. We agree with this contention; but since, as earlier indicated, we find that the search may be validly upheld under condition 14 of the probation order, it is clear that the finding by the trial judge was, at the most, harmless error.

In the judgment appealed from in this case, the court, in addition to extending the probation for a further period of 90 days, also ordered that condition 14 of the order be deleted. The reason for such deletion does not appear in the record, but the court undoubtedly had good reasons for so doing. In view of our finding that the condition in question is valid and constitutional as applied in this case, there would appear to be no legal necessity for deleting such condition and it is clear it could be reimposed, if necessary, in the future. However, our opinion today does not require the reimposition of such condition and we leave that matter to future necessity and the discretion of the trial court.

We find no merit to Morgan's assignments of error and, therefore, the judgment of the District Court must be affirmed.

AFFIRMED.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from the majority in this case. The majority has held that a condition contained in a probation order issued by the court to one previously convicted of a drug offense to the effect that the probationer shall submit to a search of his personal property, at any time, by *any* law enforcement officer, *with or without probable cause,* for controlled substances, which condition is accepted by the probationer, is valid, enforceable, and constitutional if it is applied in a reasonable manner and contributes to the rehabilitation of the offender. In my view, the language of the majority opinion is much too broad. It is difficult for me to conceive how a search may be made in a reasonable and constitutional manner if it is also authorized to be made by any law enforcement officer, with or without probable cause. It appears to me that we have simply removed from one on probation all of his fourth amendment rights. While I recognize that one who is placed on probation is not entitled to all of the rights of a free citizen, nevertheless, I am persuaded by those authorities which have held provisions such as the one included in this case to be invalid, either as violating the fourth amendment of the United States Constitution or as being vague and overbroad. See, *United States v. Consuelo-Gonzalez,* 521 F.2d 259 (9th Cir. 1975); *Tamez v. State,* 534 S.W.2d 686 (Tex. Crim. App. 1976); *Grubbs v. State,* 373 So. 2d 905 (Fla. 1979); *State v. Age,* 39 Or. App. 501, 590 P.2d 759 (1979). While it may be true that one convicted has a free choice of either accepting the condition or going to jail, it seems to me that, in such a case, the convicted is given a Hobson's choice. Accordingly, I would have reversed and dismissed.