STATE OF NEBRASKA, APPELLEE, V.
FRANK A. AULRICH, APPELLANT.

308 N.W.2d 739

Filed July 24, 1981.   No. 43888.

Kirk E. Naylor, Jr., for appellant.

Paul L. Douglas, Attorney General, and Mark D. Starr for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, Retired District Judge.

PER CURIAM.

The appellant, Frank A. Aulrich (Aulrich), appeals from a judgment entered by the District Court for Buffalo County, Nebraska, finding Aulrich guilty of being in possession of a controlled substance in violation of Neb. Rev. Stat. § 28-416(3) (Reissue 1979), and

of being a convicted felon in possession of a handgun in violation of Neb. Rev. Stat. § 28-1206(1) (Reissue 1979), and from the sentences imposed by the court for said convictions. Aulrich maintains that the trial court erred in failing to sustain his motion to suppress certain evidence seized as a result of a search of his residence located in Buffalo County, Nebraska. In the instant case a jury was waived and the case tried to the court on a stipulation of facts. It is clear from the record that if the evidence which Aulrich sought to suppress was in fact suppressed, the convictions could not stand. We have examined the records and files in this case and have concluded that the contention of Aulrich is correct and the judgment must be reversed.

The stipulation of facts entered into between the State and Aulrich at trial discloses in part that on April 2, 1979, Aulrich was serving a term of probation for 2 years pursuant to a sentence by the District Court for Kearney County, Nebraska, for conviction of the offense of felony possession of marijuana. At approximately 9:50 p.m. on April 2, 1979, a member of the Nebraska State Patrol and two officers of the Kearney Police Department entered the trailer where Aulrich was living, and as a result of a search of the trailer they found in the kitchen closet of the residence a Ruger .357-caliber revolver, serial No. 15229515, belonging to Aulrich. It was further stipulated by the parties that the officers found on or in a living room plant table a vial which contained a small amount of white powder. Upon analysis, the powder was confirmed to be cocaine. The parties further stipulated to facts that established that Aulrich had previously been found guilty of a felony offense. Based upon this stipulation, the trial court found Aulrich guilty of both charges.

However, Aulrich entered into the trial stipulation subject to objections which he had earlier raised at a suppression hearing. The record discloses that the parties had likewise entered into an earlier stipulation of facts in connection with a hearing on a motion

to suppress filed by Aulrich. The facts stipulated at the suppression hearing are extremely relevant to the disposition of this matter. The suppression hearing stipulation was to the effect that on April 1, 1979, at 1:19 p.m., officers of the Nebraska State Patrol installed a wiretap on a telephone located at the residence of one David Donathan, a resident of Cass County, Nebraska. As a result of the wiretap, they intercepted a telephone call made by Donathan to Aulrich. The parties further stipulated that the telephone call was intercepted without the knowledge or consent of either Donathan or Aulrich. It was further stipulated by the parties that the contents of the intercepted conversation indicated to the police that there was reason to believe that Aulrich was in possession of marijuana, a controlled substance. According to the stipulation, as a result of the intercepted telephone conversation a member of the Nebraska State Patrol and two officers of the Kearney Police Department undertook to search Aulrich's residence.

The stipulation further provided that the search was carried out without benefit of search or arrest warrant and without any request being made by the officers that Aulrich consent to the search, but based rather upon the provisions of an earlier probation order affecting Aulrich. From the suppression hearing stipulation it is agreed by the parties that on July 27, 1978, Aulrich was placed on probation by the District Court for Kearney County, Nebraska, for a period of 2 years following his conviction for the felony offense possession of marijuana weighing in excess of 1 pound. He agreed in paragraph 11 of the probation order that "as a condition of probation, that said defendant [Aulrich] submit his person and property to search and seizure at any time of the day or night by any law enforcement officer with or without a warrant." The parties further stipulated at the suppression hearing that the search revealed the controlled substance and firearms, more specifically identified by the

parties in the trial stipulation at the time of trial.

The final paragraph of the suppression hearing stipulation provides as follows: "That the interception of the telephone conversation by law enforcement officers, as more specifically referred to within this Stipulation, was unlawful, having been accomplished in violation of the substantive provisions of Sections 86-701 thru 86-707, R.R.S. 1943 (Reissue 1976). More specifically, the wiretap, which was utilized to intercept said conversation, was subsequently found, by District Judge Raymond Case, District Judge of Cass County, Nebraska, and by District Judge William Blue, District Judge of Lancaster County, Nebraska, to have been invalid because said wiretap was conducted without a sufficient prior showing that other investigative procedures had been tried and failed or why said procedures would be unlikely to succeed if tried or would be too dangerous, contrary to the requirements contained in Section 86-705(c), R.R.S. 1943 (Reissue 1976)."

While the State concedes that the wiretap was invalid and unlawful, it nevertheless argues that the invalid wiretap does not affect the subsequent search because the search was made pursuant to the condition of the order of probation. The State's argument is based principally upon a claim that the order of probation is a sufficient attenuating circumstance so as to overcome any violation of the wiretap, and makes the obtaining of the evidence valid and admissible. The State specifically argues in its brief that had there been no wiretap and had no information been obtained from any source which would have led authorities to believe that marijuana was present in the defendant's residence, a warrantless search of the defendant and his property could have been conducted legally pursuant to the probation order. In making such argument the State relies upon our decision in *State v. Morgan*, 206 Neb. 818, 295 N.W.2d 285 (1980).

The difficulty with the State's argument, however, is

that it chooses to disregard all the provisions of Neb. Rev. Stat. § 86-705(11) (Reissue 1976), which, in clear and concise language, provides in part as follows: "*Any* aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of this state, may move to suppress the contents of any intercepted wire or oral communication, *or evidence derived therefrom,* on the grounds that the communication was unlawfully intercepted . . . . If the motion is granted, the contents of the intercepted wire or oral communication, *or evidence derived therefrom,* shall be treated as having been obtained in violation of sections 86-701 to 86-707." (Emphasis supplied.)

While it is true that the order of probation required Aulrich to consent to warrantless searches of his person or property, it did not require him to consent to the unlawful wiretapping of his telephone or to the waiving of his rights under Neb. Rev. Stat. Ch. 86, art. 7.

Our holding in *State v. Morgan, supra,* was not intended to imply that a waiver by a probationer as to certain rights afforded him under the fourth amendment to the U.S. Constitution constitutes a waiver of all his constitutional and statutory rights. Whether a probationer can, under any circumstance, be required to waive his rights under the provisions of Neb. Rev. Stat. §§ 86-701 to 86-712 (Reissue 1976) is not before us and we need not now consider that matter. The parties have in effect agreed that Aulrich *did not* waive his rights under the act nor consent to the interception of his phone conversations. The stipulation makes it clear that the wiretap was unlawful and was the sole basis upon which the ultimate search was conducted. The State agrees it was motivated to conduct the search solely because of the information it had unlawfully obtained through the wiretap.

The condition of the probation order eliminated any need for obtaining a search warrant. The fact, however, that a search warrant was not needed does not abrogate

the clear prohibitions of the wiretap statute, § 86-705(11). In *State v. Kolosseus*, 198 Neb. 404, 408, 253 N.W.2d 157, 160 (1977), we said: "Federal law preempts the field in the area of interception of oral or wire communications and *prohibits* the use of such intercepted communications *or any evidence derived therefrom* . . . ." (Emphasis supplied.) Once it was determined that the wiretap was illegal, any evidence derived from the wiretap must be suppressed. See, *State v. DiMauro and Kessler*, 205 Neb. 275, 287 N.W.2d 74 (1980); *United States v. Spagnuolo*, 549 F.2d 705 (9th Cir. 1977).

The State may not, on the one hand, seek to obtain the benefits of the wiretap statute while at the same time choosing to ignore the penalties which are imposed upon the State in the event that it should violate the provisions of the act. The Nebraska statutes, §§ 86-701 to 86-712, provide their own exclusionary rule which exists separate and independent of any court-created exclusionary rule involving the fourth amendment. See, *United States v. Calandra*, 414 U.S. 338, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974); *Gelbard v. United States*, 408 U.S. 41, 92 S. Ct. 2357, 33 L. Ed. 2d 179 (1972).

The trial court should have sustained the motion to suppress the evidence obtained during the search. Once that was done, there was no basis for convicting Aulrich, and the conviction must be reversed and the complaint dismissed.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

KRIVOSHA, C.J., concurring in result.

I concur in the result reached by the majority in this case. I believe, however, that this case clearly supports the concerns which I raised in my dissent in *State v. Morgan*, 206 Neb. 818, 295 N.W.2d 285 (1980). The authorities which have held provisions such as the one included in the order of probation in this case to be invalid, either as violating the fourth amendment of the

U.S. Constitution or as being vague and overbroad, have recognized the difficulty of trying to separate out court-made exclusionary rules involving the fourth amendment and the host of statutory exclusions created by both Congress and our Legislature. In this case an additional effort by the law enforcement officers to make an independent investigation would have permitted them to obtain a warrant and secure the evidence necessary for a conviction. By relying upon broad, vague language in an order of probation and thereby being misled into believing that they may disregard other prohibitions contained in other statutes, the police were caught in their own trap. I believe that we would ultimately produce better law enforcement if we made the provision clear by recognizing that one convicted of a crime, but placed on probation, cannot be required to waive any constitutional right as a condition of being placed on probation, including agreeing to submit to any search with or without probable cause and contrary to the constitutional rights he otherwise would have.