748 N.W.2d 118 (2008)
16 Neb. App. 644
STATE of Nebraska, appellee,
v.
Jason L. COLBY, appellant.
No. A-07-777.
Court of Appeals of Nebraska.
April 22, 2008.
*120 Brian J. Lockwood, Deputy Scotts Bluff County Public Defender, for appellant.
Jon Bruning, Attorney General, and Stacy M. Foust, for appellee.
SIEVERS, MOORE, and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Jason L. Colby was the subject of a warrantless probation search which led to convictions of drug offenses. On appeal, he challenges the district court's order overruling his motion to suppress evidence discovered as a result of the probation search. Because we conclude that the provision of the probation order authorizing warrantless searches contributes to the rehabilitation process and that the search was reasonable, we affirm.

BACKGROUND
On October 24, 2005, the district court for Scotts Bluff County sentenced Colby to probation for a period of 3 years for his conviction of possession of a controlled substance. Daniel J. Witko, chief probation officer, was assigned as Colby's supervising probation officer. The terms of Colby's probation required him to report as directed by the court or his probation officer; "submit to searches of [his] residence, vehicle, or person without a warrant and without probable cause when a probation officer has a reasonable suspicion that [he] ha[s] violated terms of [his] probation"; refrain from using or possessing alcohol or controlled substances; and submit to drug tests.
On January 10, 2007, Witko asked Kent Ewing, a detective with the Gering Police Department, to conduct a probation search of Colby and Colby's residence. Ewing agreed to perform the search. Witko determined that he would be out of town on the day Ewing would perform the search. Therefore, Ewing performed the search without Witko. Witko expressly instructed Ewing on how to conduct the search, ordering him to search Colby's residence for any contraband pertaining to illegal drugs, and gave Ewing the probation order.
Ewing decided, based upon information he had regarding Colby, that it would be best to make contact with Colby outside of his residence. Therefore, on the morning of January 17, 2007, he set up surveillance about a block and a half from Colby's residence. He then waited for Colby to leave his residence. Colby left his residence in a vehicle around 7:35 p.m., at which time Ewing requested the assistance of another officer. The other officer conducted a traffic stop of Colby's vehicle. Ewing arrived after the stop and provided Colby with the information from Witko, including the probation order. A probation search of Colby's person was performed. The search revealed, among other things, drug paraphernalia and a clear plastic bag containing what was later determined to be methamphetamine. Colby was placed under arrest and transported to jail, where more bags containing methamphetamine were found in Colby's mouth.
After Colby's arrest, Ewing searched his vehicle and requested a search warrant for *121 Colby's residence. Ewing submitted an affidavit in support of a search warrant to the district judge. He recited the events of the day, including the arrest and search of Colby. Ewing also stated that as recently as December 31, 2006, an officer had received an anonymous tip that Colby was selling methamphetamine out of his residence. Based upon Ewing's affidavit, a district judge issued a search warrant on January 17, 2007, for the search of Colby's residence. Officers executed the warrant on the same day and seized methamphetamine and drug paraphernalia.
Colby initially faced charges in the county court for Scotts Bluff County. The case was then bound over to district court. On February 1, 2007, Colby was charged by information in the district court with possession of a controlled substance with intent to deliver and possession of drug paraphernalia.
On February 27, 2007, Colby filed a motion to suppress evidence and statements. He requested an order suppressing any evidence and statements he made to police officers on January 17, together with any fruits of such evidence. He asserted that the warrantless search of his vehicle was made "without legal justification and was a violation of [his] right to be free of unreasonable searches and seizures."
The court held a hearing on the motion to suppress. Witko testified that he ordered the probation search of Colby because in the early part of January 2007, he received an anonymous telephone call informing him that Colby was using drugs and "beating his drug tests by using a fake rubber penis of that nature." Witko also had concerns regarding Colby prior to that telephone call. He testified that Colby "hadn't been in to report for quite a time." Witko testified that Colby was required to report to him in person once a month while on probation. According to Witko, Colby was compliant with his probation orders the first 30 days, reported the first 2 or 3 months, and "then we just lost track, he did not come in." Witko's last contact with Colby was on February 28, 2006, and Colby last submitted to a drug test on March 3. Witko testified that Colby's actions "raise[d] a red flag ... that either [he] absconded supervision or [he did] not want to report for some reason." Witko testified that he was not present when Colby or his residence was searched. He further testified that the terms of Colby's probation were based on statutes and standards for the State of Nebraska.
Ewing testified that he searched Colby's residence pursuant to the probation order and that he obtained the search warrant "to make sure of the application for the search." He testified that the only reason he pursued Colby to search Colby's person and residence was to comply with Witko's request.
At the conclusion of the hearing, the court stated that when Colby discontinued contact with his probation officer and discontinued drug testing, there was reasonable suspicion for his probation officer to direct a search of his person, residence, or vehicle. The court also determined that the probation officer did not need to be present for the search. With regard to the search of Colby's residence, the court stated, "[o]nce the search was done of ... Colby and they found the narcotics on him, that was included in the affidavit and that was probabl[e] cause to get the search warrant." The court concluded that the searches were valid and overruled the motion to suppress.
A jury trial was held on the charge of possession of methamphetamine with intent to deliver or distribute. On June 13, 2007, the jury found Colby guilty of that charge. Colby was also found guilty by *122 the court of possession of drug paraphernalia and fined $100. On July 12, the court sentenced Colby to 5 to 8 years' imprisonment, with credit for 66 days served, for his conviction of possession of methamphetamine with intent to distribute or deliver, and also ordered him to pay court costs of $141.
Colby timely appeals.

ASSIGNMENT OF ERROR
Colby assigns that the district court erred in failing to suppress evidence obtained during an unlawful search and seizure.

STANDARD OF REVIEW
A trial court's ruling on a motion to suppress based on the Fourth Amendment, apart from determinations of reasonable suspicion to conduct investigatory stops and probable cause to perform warrantless searches, is to be upheld on appeal unless its findings of fact are clearly erroneous. The ultimate determinations of reasonable suspicion to conduct an investigatory stop and probable cause to perform a warrantless search are reviewed de novo and findings of fact are reviewed for clear error, giving due weight to the inferences drawn from those facts by the trial judge. State v. Allen, 269 Neb. 69, 690 N.W.2d 582 (2005), disapproved on other grounds, State v. McCulloch, 274 Neb. 636, 742 N.W.2d 727 (2007).

ANALYSIS
According to Colby, if the probation search had not been performed, the warrant for the search of his residence would not have been issued. Therefore, if the probation search was unlawful, the residence search was also unlawful. He asserts that the probation search was an unlawful warrantless search because the condition of his probation permitting warrantless searches did not contribute to the rehabilitation process and because the probation search was not performed in a reasonable manner. In support of his argument that the search was unreasonable, Colby emphasizes the fact that Witko was not present for the probation search, the remoteness in time of the search to any suspected wrongdoing by Colby, and the lack of wrongdoing by Colby at the time of the search.
The Fourth Amendment to the U.S. Constitution protects against unreasonable searches and seizures. Generally, a search should be undertaken only pursuant to a warrant supported by probable cause. State v. Davis, 6 Neb.App. 790, 577 N.W.2d 763 (1998). There are, however, exceptions to the warrant requirement when "special needs," beyond the normal need for law enforcement, make the warrant and probable cause requirement impracticable. See Griffin v. Wisconsin, 483 U.S. 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987). The U.S. Supreme Court found it reasonable to dispense with the warrant and probable cause requirements in a probation setting. See id. Probation, like incarceration, is a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty. Id.
The stop and search of Colby's vehicle and search of his person were conducted pursuant to an order by his probation officer and not pursuant to a warrant or a finding of probable cause. The Nebraska Supreme Court has considered the validity of similar searches. In State v. Morgan, 206 Neb. 818, 819, 295 N.W.2d 285, 286 (1980), the Nebraska Supreme Court found that a search pursuant to a condition of a probation order, requiring the probationer to "`submit to a search of his person or property at any time by any [l]aw [e]nfor[c]ement [o]fficer, with or *123 without probable cause, for controlled substances,'" was valid. (Emphasis omitted.)
The court held in State v. Morgan that "conditions in probation orders requiring the probationer to submit to warrantless searches, to the extent that they contribute to the rehabilitation process and are done in a reasonable manner, are valid and constitutional." 206 Neb. at 826-27, 295 N.W.2d at 289. The probationer in State v. Morgan, supra, had been convicted of a drug offense and placed on probation. The court determined that criminal activities in the field of drug offenses or on the part of drug offenders are frequently uncovered only through searches of the personal property of the defendant or of the defendant himself. See id. To the extent that the possibility of such searches restrains previously convicted drug offenders from further activity in that field, it clearly aids in the rehabilitation process. Id.
In State v. Lingle, 209 Neb. 492, 501, 308 N.W.2d 531, 537 (1981), the Nebraska Supreme Court upheld a probation condition stating that the probationer could be "`subject to the search of his personal and real property at any time, day or night, by any law enforcement or probation officer without the issuance of a search warrant.'" The court observed that the county court included other conditions in the probation order, including that the probationer refrain from the use of alcoholic beverages and narcotics. See State v. Lingle, supra. The court found that the warrantless search condition was reasonably related to enforcement of the other conditions of the probation order and found that the conditions were reasonably related to the rehabilitation of the probationer. See id.
In the instant case, Colby was sentenced to probation for a drug offense. In addition to requiring him to submit to warrantless searches, the terms of his probation order required him to report to his probation officer and refrain from using or possessing alcohol or controlled substances. The warrantless search condition was reasonably related to the enforcement of the other conditions of Colby's probation. In addition, the warrantless search condition contributes to the rehabilitation process. See U.S. v. Knights, 534 U.S. 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001) (warrantless search condition furthered two primary goals of probation  rehabilitation and protecting society from further criminal violations). See, also, State v. Morgan, supra; State v. Lingle, supra.
We also conclude that the probation search was reasonable. The standards for a reasonable search of a probationer are much less than those of an ordinary citizen. See State v. Morgan, 206 Neb. 818, 295 N.W.2d 285 (1980). The reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests. U.S. v. Knights, supra. The warrantless search condition of Colby's probation significantly diminished his expectation of privacy. See id.
Colby clearly violated the terms of his probation. He had not reported to Witko or submitted to drug tests for "quite a time." Witko had received a tip that Colby was using drugs. Witko had more than a reasonable suspicion that Colby violated the terms of his probation. We conclude that the probation search was reasonable.
The fact that Witko was not present during the search does not make the search of Colby unreasonable. We are persuaded by the decision of the U.S. Court of Appeals for the Ninth Circuit in U.S. v. Richardson, 849 F.2d 439 (9th Cir. 1988), in which the court of appeals found *124 that a probation search that was conducted by police officers, but with the permission of the probationer's probation officers, was reasonable. The court observed that given the large caseloads of most probation officers, requiring the probation officer's physical presence during every probation search or requiring close supervision of all probation searches would unnecessarily interfere with the twin goals of probation: rehabilitation of the probationer and protection of society. See id.
We conclude that the stop and search of Colby's vehicle and person were valid and lawful. We further conclude that the search of Colby's residence was lawful because it was done pursuant to a search warrant that was supported by probable cause. We therefore find no merit in Colby's assignment of error.

CONCLUSION
We conclude that the probation search was lawful and that the search of Colby's residence was also a lawful search. We therefore affirm the district court's judgment overruling the motion to suppress.
AFFIRMED.