STATE OF NEBRASKA, APPELLEE, V.
JOE RICHTER, APPELLANT.
317 N.W.2d 759

Filed March 26, 1982. No. 44097.

Donald B. Fiedler of Fiedler & Hanna, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

This is a companion case to State v. Lane, ante p. 46, 317 N.W.2d 750 (1982), decided today.

The defendant, Joe Richter, was convicted of possession of marijuana weighing more than 1 pound; distributing cocaine; and conspiracy to distribute cocaine. He was sentenced to imprisonment for 1 year on count I, the sentence to run consecutively to the sentences in counts II and III, and to imprisonment for 3 to 5 years on each of counts II and III, the sentences on these counts to run concurrently. He has appealed.

On February 10, 1980, the State obtained authority to place wiretaps on the residence telephone of Joy

Lane and her husband and on the telephone of the "Auction House" which was operated by Joy Lane. Conversations intercepted and recorded as a result of these wiretaps disclosed that the defendant Richter was associated with Joy Lane in the distribution of controlled substances.

On February 13, 1980, the State obtained authority to place a wiretap on the telephone at an apartment in Scottsbluff, Nebraska, where the defendant Richter and Sheryl Keller were living. As a result of conversations intercepted through that wiretap, information was obtained which was the basis for two search warrants and the arrest of Richter. Conversations intercepted and recorded as a result of this wiretap were received in evidence at the trial as a part of the evidence against the defendant.

Motions filed by the defendant to suppress the evidence derived from the February 13, 1980, wiretap were overruled. Although the defendant has assigned numerous errors, the principal issue upon the appeal is whether the evidence obtained through the wiretap should have been suppressed.

In *State v. Lane, supra,* we determined that the wiretaps on the Lane telephones were illegal and that evidence derived from those wiretaps should have been suppressed. Once it is determined that a wiretap is illegal, any evidence derived from the wiretap must be suppressed. Neb. Rev. Stat. § 86-705(11) (Reissue 1976); *State v. Aulrich,* 209 Neb. 546, 308 N.W.2d 739 (1981). Since the Lane wiretap was illegal, any evidence derived from that wiretap should have been suppressed.

The application for the February 13, 1980, wiretap order was supported by an affidavit of Robert B. Kinsey, a detective in the Scottsbluff Police Department, dated February 13, 1980, and the affidavits which were used to support the February 10, 1980, Lane wiretap order. Those affidavits, which are summarized in *State v. Lane, supra,* did not men-

tion the name of the defendant Richter.

In addition to the conversations with Richter, intercepted through the Lane wiretap, the Kinsey affidavit of February 13, 1980, alleged that Richter had been suspected of dealing in drugs for years; that he had been found in possession of large amounts of amphetamines on two occasions in the past; that the defendant and Lane were sophisticated in law enforcement investigation techniques; and that Richter had a reputation for violence and had been known to be armed in the past.

Although this affidavit made a better showing in support of the application for the February 13, 1980, wiretap order than the affidavits used to support the February 10, 1980, Lane wiretap application, the affidavit did not adequately demonstrate the necessity for the wiretap order, for the reasons stated in *State v. Lane, supra.* We, therefore, conclude the motions to suppress should have been sustained. The failure to sustain the motions to suppress was prejudicial error which requires that the judgment be reversed.

It is unnecessary to consider the other assignments of error.

The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

BRODKEY, J., not participating in decision.

CAPORALE, J., participating on briefs.

CLINTON, J., dissenting.

For the reasons set forth in my dissent in *State v. Lane, ante* p. 46, 317 N.W.2d 750 (1982), I also dissent in this case.

BOSLAUGH and HASTINGS, JJ., join in this dissent.