FRANKLIN DELONAR HIMMAGE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6246

May 4, 1972                                    496 P.2d 763

H. Dale Murphy, Public Defender, and William Whitehead, III, Deputy Public Defender, Washoe County, for Appellant.

Robert List, Attorney General, Carson City; Robert E. Rose, District Attorney, and Gary R. Silverman, Deputy District Attorney, Washoe County, for Respondent.

## O P I N I O N

By the Court, MOWBRAY, J.:

The narrow issue presented for our consideration on this appeal is whether it is constitutionally permissible under the Fourth Amendment to the Constitution of the United States for a parole officer to make a nighttime search of a parolee's apartment when such search is made as the result of information received from a police officer that the parolee had been involved in a burglary.

Himmage, the appellant-defendant, was paroled from the Nevada State Prison, where he had been serving time on a 5- to 6-year sentence for robbery. On July 21, 1969, in a burglary of the Osborne & Dermody, Inc., store in Reno, four television sets were removed from the premises. The Reno police obtained a description of each of the TV sets and their serial numbers. The police also had information that Himmage had one of the sets in his apartment, and they advised his parole officer, Robert Burns, of this information. Burns, with police officers, went to Himmage's apartment in the early hours of September 10, 1969. They were admitted to the apartment by Himmage, and they told him of the purpose of their visit. Burns requested Himmage's permission to search the apartment. Permission was granted, and one of the missing TV sets was located. Himmage was later charged with burglary and, after a preliminary hearing, was held to answer the charge in the district court. He moved to suppress the admission of the

television set as evidence in the trial. The district judge properly denied the motion to suppress.

When Himmage was paroled, he agreed in writing, as one of the conditions of his parole, that his parole officer could search his person, his residence, or his auto "at any time of the day or night," upon any occasion when his parole officer believed there was reasonable cause to conduct such a search. Additionally, in this case Himmage at the time of the search gave Burns his express permission to search the apartment.

The recent case of People v. Mason, 97 Cal.Rptr. 302 (Cal. 1971), *cert. denied,* 405 U.S. 1016 (U.S. Mar. 27, 1972) (No. 71–803), is on point. The facts in Mason are almost identical with those in this case, except that Mason, who was a probationer rather than a parolee, did not expressly consent to the search in question, as Himmage did in the instant case. The California Supreme Court, speaking through Mr. Justice Burke, said (97 Cal.Rptr. at 303–304, 305):

"Our analysis of the question requires a two-step approach. First, we must determine whether by the terms of the condition the officers were permitted to conduct a particular search without obtaining defendant's prior consent to that search. Second, if no prior consent was required, we must determine whether that condition constituted an unreasonable or unconstitutional invasion of defendant's rights.

"Defendant contends that since the condition required him to submit to a search 'whenever requested to do so,' the officers should have requested permission to search, thereby affording defendant the opportunity to grant or refuse permission. To so construe the condition would, however, render it utterly meaningless. A 'condition' implies a qualification or restriction; accordingly, a condition to a grant of probation contemplates some limitation upon the probationer's rights. (See In re Bushman, 1 Cal. 3d 767, 776, 83 Cal.Rptr. 375, 463 P.2d 727.) If defendant had the right to withhold his consent to a warrantless search, the protection thereby afforded him would have been as broad as that afforded all other persons under the Fourth Amendment. . . .

"We also note that to accept defendant's interpretation of the probation condition would defeat the acknowledged purposes of such a provision to deter further offenses by the probationer and to ascertain whether he is complying with the terms of his probation. 'With knowledge he may be subject to a search by law enforcement officers at any time, he will be less inclined to have narcotics or dangerous drugs in his possession.

The purpose of an unexpected, unprovoked search of defendant is to ascertain whether he is complying with his terms of probation; to determine not only whether he disobeys the law, but also whether he obeys the law. Information obtained under such circumstances would afford a valuable measure of the effectiveness of the supervision given the defendant and his amenability to rehabilitation.' (People v. Kern, 264 Cal.App. 2d 962, 965, 71 Cal.Rptr. 105, 107.)

"Turning to the question of the validity of the condition as we have interpreted it, we are guided by the principles set forth in In re Bushman, *supra,* 1 Cal. 3d 767, 776–777, 83 Cal.Rptr. 375, 381, 463 P.2d 727, 733, as follows: 'When granting probation, courts have broad discretion to impose restrictive conditions to foster rehabilitation and to protect public safety. . . . If the defendant considers the conditions of probation more harsh than the sentence the court would otherwise impose, he has the right to refuse probation and undergo the sentence. [Citations.] In such case he may challenge the legality of any proposed conditions of probation on an appeal from the judgment or on habeas corpus. [Citations.]
" '. . .'
". . .

"Defendant contends that a probation condition which requires submission to a warrantless search constitutes an unreasonable invasion of his Fourth Amendment rights. We have heretofore suggested, however, that persons conditionally released to society, such as parolees, may have a reduced expectation of privacy, thereby rendering certain intrusions by governmental authorities 'reasonable' which otherwise would be invalid under traditional constitutional concepts, at least to the extent that such intrusions are necessitated by legitimate governmental demands. (See In re Martinez, 1 Cal. 3d 641, 647, fn. 6, 83 Cal.Rptr. 382, 463 P.2d 734; cf. People v. Gilkey, 6 Cal.App.3d 183, 186–188, 85 Cal.Rptr. 642, and cases cited.) Thus, a probationer who has been granted the privilege of probation on condition that he submit at any time to a warrantless search may have no reasonable expectation of traditional Fourth Amendment protection." (Footnote omitted.)

We approve the reasoning of Mason, and we affirm Himmage's judgment of conviction.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.