STATE OF NORTH CAROLINA v. BOBBY GENE MOORE

No. 7826SC302

(Filed 29 August 1978)

**Criminal Law § 142.3— subjection to warrantless search as condition of probation — condition proper**

Defendant, by agreeing to the terms of suspended sentence and probation, waived his constitutional right not to be searched without a search warrant, notwithstanding the provisions of G.S. 15A-1343(b)(15) which forbid requiring as a part of a probationary sentence the condition that a defendant consent to a warrantless search by anyone other than a probation officer, since defendant was convicted before the effective date of that statute, and it was therefore inapplicable to his case.

APPEAL by defendant from *Walker (Ralph A.), Judge.* Judgment entered 10 November 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 August 1978.

On 14 January 1977, the defendant pled guilty to felonious possession of heroin and felonious possession of heroin with intent to sell. He received a suspended sentence and was placed on probation. One of the terms of the suspension of the sentences and the probation judgment was the waiver by the defendant of his rights under the United States Constitution and the North Carolina Constitution as to search and seizure so far as any law enforcement officer is concerned. At the November 1977 term of Superior Court of Mecklenburg County, the defendant was tried for possession of heroin with intent to sell and deliver, second offense, possession of cocaine, and obstructing an officer in the performance of his duties. The defendant moved to suppress evidence obtained as a result of the search of his person and a *voir dire* hearing was held.

At the *voir dire* hearing the State's evidence showed that on 23 May 1977, L. D. Blakney a member of the Charlotte Police Department received information from a confidential informant, who had previously given him reliable information, that the defendant had heroin in the crotch of his trousers. Mr. Blakney stopped the defendant in a public park and patted him down, but did not touch the area of defendant's person at which Mr. Blakney had been informed the heroin would be. The defendant refused to remove his trousers in a public park and Mr. Blakney told the defendant he would carry him to the Law Enforcement Center to which the defendant replied "anything except here." The defendant was handcuffed and taken to the Law Enforcement Center. The defendant's trousers were removed and "suspected heroin" was removed from the crotch of his trousers. After the *voir dire* hearing, the court found the defendant had consented to the search and the officers acted reasonably in taking the defendant to the Law Enforcement Center. The court allowed the fruits of this search to be admitted into evidence.

At the trial, the State offered evidence substantially as was offered at the *voir dire* hearing and also evidence that after Mr. Blakney recovered the materials from defendant he started a "booking procedure" preliminary to placing the defendant in jail. He told the defendant he would have to surrender $963.00 the defendant had in his possession for use as evidence. The defendant refused to surrender the money and when one of the officers tried to take it from him, the defendant put his hands on the officer's throat and choked him. The State's evidence further showed that when analyzed, the materials taken from the defendant contained 75 bags which had two percent heroin and the other bags which contained 146 milligrams of cocaine.

The defendant was convicted of the three things for which he was tried. Following this conviction, the court revoked the probation on which the defendant was placed in January 1977 and the suspended sentences were put into effect. From the conviction on the three separate charges and the revocation of probation, the defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb, for the State.*

*Barry M. Storick, for defendant appellant.*

WEBB, Judge.

As to the three crimes of which the defendant was convicted and the revocation of his probation, the defendant has brought forward twelve assignments of error. All of them are based on the admission into evidence of the heroin and cocaine taken from the defendant by the officers. The defendant contends this evidence was the fruit of an illegal search and he was not properly convicted of the two drug charges. He contends that since the search was illegal there was not probable cause for arrest, and he had a right to resist the officer. Finally, he contends that his probation should not have been revoked because the conviction on which the revocation was based was founded on this illegally obtained evidence.

We believe the evidence was properly admitted and we find no error in the trial. At the time the officers searched the defendant, he was on probation. As a part of the probationary sentence, the defendant waived his constitutional right against a search without a warrant by a law enforcement officer. This was a valid condition of the suspension of the sentence and probation. *State v. Mitchell,* 22 N.C. App. 663, 207 S.E. 2d 263 (1974) and *State v. Craft,* 32 N.C. App. 357, 232 S.E. 2d 282 (1977). The defendant contends that G.S. 15A-1343(b)(15) governs. This section is a part of the Criminal Procedure Act and it forbids requiring as a part of a probationary sentence the condition that a defendant consent to a warrantless search by anyone other than a probation officer.

This section was adopted as a part of Chapter 711 of the 1977 Session Laws. Section 39 of this Chapter says:

"This act shall become effective July 1, 1978, and applies to all matters addressed by its provisions without regard to when a defendant's guilt was established or when judgment was entered against him . . . ."

Since the defendant was convicted before the effective date of the statute, it has no application in this case. We hold that the defendant, by agreeing to the terms of suspended sentence and probation, waived his constitutional right not to be searched

without a search warrant and the evidence taken in the search was properly admitted into evidence.

No error.

Chief Judge BROCK and Judge HEDRICK concur.