390 So.2d 108 (1980)
Michael Doran DEARTH II, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1933.
District Court of Appeal of Florida, Fourth District.
November 5, 1980.
Rehearing Denied December 10, 1980.
Richard L. Jorandby, Public Defender, and Martin H. Colin, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ondina Felipe, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
In this appeal, Michael Dearth II challenges the validity of a condition of his probation that requires him to voluntarily submit to reasonable searches of his person, home or vehicle by his probation officer or authorized police officers.
Dearth entered a plea of no contest to the charge of grand theft. He admitted to participating in the theft of some $300 worth of carpeting by accepting the sum of $20 to "look the other way" while the carpeting was removed from premises where he worked as a night watchman. The trial court adjudicated Dearth guilty and placed him on probation for five years. The record reflects that Dearth has no prior criminal record but is an admitted alcoholic. Prior to accepting Dearth's plea, the following colloquy between the court and defense counsel took place:
THE COURT: Okay. You have explained to your client about searches by the police and that he must voluntarily agree to accept that as a condition of probation?
MR. GOLDSTEIN: Yes, sir. In all fairness to Mr. Richardson, this is the case that I thought was worthy of my filing an appeal on the Court's written waiver of that search and seizure condition.

*109 I would ask the Court to allow me to enter a plea of no contest in Mr. Dearth's behalf, allowing me to specifically appeal that point. If the Court doesn't allow me to do that, I think I can do it anyway.
THE COURT: How do you get around signing my form?
MR. GOLDSTEIN: We would sign the form.
THE COURT: The Court says then, why did you sign it?
MR. GOLDSTEIN: Because the alternative is going back to jail or the alternative is going to trial and perhaps being found guilty. We are attacking mainly the voluntariness of his signing that form, however, we will sign it. I still think we have an appealable point.
THE COURT: I think it ought to be appealed. I agree with you.
The state contends that Dearth is precluded from challenging the condition of probation because he expressly consented to its imposition. Dearth maintains that his consent should not be viewed as a free and voluntary waiver of his constitutional guarantee against unreasonable searches because the court required him to consent in order for him to be placed on probation.
In Grubbs v. State, 373 So.2d 905 (Fla. 1979), the Florida Supreme Court held that a unilaterally imposed condition of probation requiring a probationer to consent at any time to a warrantless search by law enforcement officers is violative of the Fourth Amendment to the United States Constitution and Article I, Section 12, of the Florida Constitution. The court specifically reserved determination of the issue here raised, namely, the effect of an express consent by a probationer to such a condition.
The issue to be resolved, then, is whether a probationer, by expressly agreeing to a search condition in order to receive probation in lieu of incarceration, should be deemed to have waived the right he would otherwise have under Grubbs to be protected from warrantless searches by law enforcement officers.
Initially we note that while Grubbs did not address the issue of express consent, it did address the issue of the reasonableness of extending the authority to search probationers to police officers and found such action unreasonable and unconstitutional. That is, while substantial and compelling reasons were found to authorize searches by probation officers, no such reasons were found to justify such searches by other law enforcement officers. So, we reject, on the authority of Grubbs, the contention that it is necessary to extend the search authority to police officers in order to properly supervise probationers.
Further, we do not believe it is reasonable to conclude that a probationer's consent to such a condition is voluntary when his only other alternative is incarceration.[1] We are aware of authority to the effect that a probationer voluntarily waives his Fourth Amendment rights as a condition to receiving probation instead of immediate incarceration.[2] The apparent rationale of these holdings is that the waiver is voluntary because a defendant has the "free choice" to refuse probation and undergo incarceration if he considers the conditions of probation *110 more harsh than the sentence the court would otherwise impose.[3] We cannot agree with this reasoning.
In reality a defendant has little say in determining the terms of his probation. Under Florida law, the trial court is vested with broad discretionary authority to grant probation and to set the terms thereof. Section 948.01(3), Florida Statutes (1979), provides that the trial court may place a defendant upon probation if it appears to the court "that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law." Section 948.03 vests authority in the trial court to determine the terms and conditions of probation. To be valid the conditions should be reasonably related to the offense involved, the rehabilitation of the defendant or the protection of the public. Grubbs v. State, supra. Under this scheme of probation there is no requirement that the defendant consent to the conditions that are imposed. The defendant may have some voice in determining the terms of probation by appealing to the court's discretion, but in essence the trial court's determination is subject only to the test of reasonableness set out, supra, and the defendant's consent to such terms, if they are otherwise reasonable, is not material to their legality. Of course, if the defendant rejects valid conditions of probation or refuses to comply therewith the trial court may sentence the defendant to a term of incarceration.
In our view the proper test of voluntariness to be applied to the consent obtained in the instant case is the test set out in Schneckloth v. Bustamente, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) where the court applied the traditional standards of voluntariness developed in coerced confession cases to determine whether a defendant's purported consent to a police search was voluntary. Two comments from the court's opinion are especially pertinent to a resolution of the issue involved herein:
As with police questioning, two competing concerns must be accommodated in determining the meaning of a "voluntary" consent-the legitimate need for such searches and the equally important requirement of assuring the absence of coercion.
.....
But the Fourth and Fourteenth Amendments require that a consent not be coerced, by explicit or implicit means, by implied threat or covert force.

Schneckloth 93 S.Ct. at p. 2048.
As noted above, the Florida Supreme Court in Grubbs, supra, has already rejected the view that there is a legitimate need for police officers other than probation officers to be granted authority to search probationers. And the state has neither argued nor does the record demonstrate any reasons peculiar to this case necessitating that Dearth be subjected to warrantless searches by anyone other than his probation officer. So, one of the competing concerns discussed in Schneckloth, the legitimate need for such searches, is not of great weight here.
On the other hand, the requirement under Schneckloth that there be an absence of coercion is of great concern to us. As noted by one commentator:
Given the long established rule that a confession is not voluntary when given in response to an assurance by the maker "that, by so doing, he might at least obtain a mitigation of the punishment for the crime which otherwise would assuredly follow," it would seem doubtful that any waiver of Fourth Amendment rights obtained as the quid pro quo of a grant of probation or parole could pass muster under Schneckloth.[4]
The same conclusion was expressed pointedly by Judge Curtin in United States ex rel. Coleman, supra.

*111 However parole is characterized, "the liberty is valuable" and a return to a lifestyle approximating normalcy is cherished. Morrissey v. Brewer, 408 U.S. 471, 482, 92 S.Ct. 2593 [2600], 33 L.Ed.2d 484 (1972). See also United States ex rel. Johnson v. New York State Board of Parole, 500 F.2d 925 (2d Cir.1974). Only Coleman's signature on the dotted line could secure the benefit of parole. A refusal to sign slammed the cell door shut until January 1977, more than eight years. (See Exhibit I, supra.) Under these circumstances, I find sufficient coercion present to invalidate the consent to search executed.
We likewise conclude that Dearth's choice between a term of imprisonment or a term of supervised freedom was really no choice at all. Such a choice surely violates the Schneckloth concern that consent not be coerced by explicit or implicit means.
This does not mean that a defendant's status as a probationer may not be considered in determining whether a search and seizure is reasonable or whether there is probable cause for the issuance of a search warrant. State v. Gansz, 297 So.2d 614 (Fla. 4th DCA 1974), cert. denied 303 So.2d 645 (Fla. 1974); Grubbs v. State, supra. Rather it simply means that the probationer may only be subjected to reasonable searches by his probation officer or other police officers considering the circumstances prevailing at the time of the search. Grubbs v. State, supra. Further, we do not foreclose the possibility that circumstances may reasonably require a condition of probation allowing searches by other than probation officers. We simply do not find such circumstances here.
In fact, the trial court below only required the probationer to consent to "reasonable" searches. If indeed subsequent searches are found to be reasonable based upon the circumstances then prevailing, the probationer's consent would not be necessary. Grubbs, supra. On the other hand, our ruling does not preclude the probationer from subsequently voluntarily consenting to individual searches. But such searches by law enforcement officers may not be justified on the basis of the search condition involved herein.
In conclusion we hold that the condition of probation requiring the probationer to consent to searches by any law enforcement officers is invalid. Accordingly, the order entered below is hereby reversed with directions that the words "and authorized police officer" be stricken from paragraph 9 of the conditions of probation.
MOORE and HURLEY, JJ., concur.
NOTES
[1] People v. Mason, 5 Cal.3d 759, 97 Cal. Rptr. 302, 488 P.2d 630 (1971), (dissent) cert. denied 405 U.S. 1016, 92 S.Ct. 1289, 31 L.Ed.2d 478 (1972); Tamez v. State, 534 S.W.2d 686 (Tex. Cr.App. 1976); People v. Keller, 76 Cal. App.3d 827, 143 Cal. Rptr. 184 (4th DCA 1978); People v. Bremmer, 30 Cal. App.3d 1058, 106 Cal. Rptr. 797 (2d DCA 1973); People v. Peterson, 62 Mich. App. 258, 233 N.W.2d 250 (1975). Cf. Roman v. State, 570 P.2d 1235 (Alaska 1977); United States v. Consuelo-Gonzalez, 521 F.2d 259 (9th Cir.1975); United States v. Pierce, 561 F.2d 735 (9th Cir.1977), cert. denied 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978); United States ex rel. Coleman v. Smith, 395 F. Supp. 1155 (W.D.N.Y. 1975); Diaz v. Ward, 437 F. Supp. 678 (S.D.N.Y. 1977).
[2] See People v. Mason, supra; Seim v. State, 590 P.2d 1152 (Nev. 1979); Huffman v. United States, 259 A.2d 342 (D.C.App. 1969), affd. 152 U.S.App.D.C. 238, 470 F.2d 386 (1971), reversed on other grounds, 163 U.S.App.D.C. 417, 502 F.2d 419 (1974); People v. Cumhuriyet, 604 P.2d 690 (Colo. App. 1979); cf. Dean v. State, 151 Ga. App. 847, 261 S.E.2d 759 (1979). Cf. Himmage v. State, 88 Nev. 296, 496 P.2d 763 (1972).
[3] People v. Mason, supra; In re Bushman, 1 Cal.3d 767, 83 Cal. Rptr. 375, 463 P.2d 727 (1970); People v. Cumhuriyet, supra.
[4] 3 W. LaFave, Search and Seizure, 429 (1978).