DOWNEY, Judge.
The appellants, Gary Kirkpatrick, Russell Kirkpatrick, Cecil Wroten, and Joel Jenison, were charged by information with various violations of the drug abuse laws of Florida.
Gary Kirkpatrick pleaded nolo contendere to Count IV of the information, which charged a conspiracy to violate the drug abuse laws by possessing with intent to sell or deliver and to bring into the State of Florida in excess of 28 grams of cocaine and 200,000 methaqualone pills.
Russell Kirkpatrick pleaded nolo conten-dere to Counts I and VII, importation of methaqualone, and possession of hashish, respectively. Cecil Wroten pleaded nolo to Count I.
Joel Jenison went to trial on Count I, importation of methaqualone; Count II, possession of methaqualone with intent to sell or deliver it; and Count IV, the conspiracy described above. The jury returned a verdict of not guilty as to Counts I and II and conspiracy to possess and import meth-aqualone pills, but guilty as to the conspiracy to possess and import in excess of 28 grams of cocaine.
A lengthy recitation of the facts is not indicated. Suffice it to say that, pursuant to Chapter 394, Florida Statutes (Supp. 1980), the police obtained a warrant to tap the telephone of Gary Kirkpatrick. As a result of monitoring telephone calls to and from Gary Kirkpatrick’s residence, the police obtained search warrants for the residence of Gary and Russell Kirkpatrick. Execution of the warrants led to the discovery of a large quantity of drugs, which gave rise to the charges filed herein.
On appeal the parties cite the court to numerous alleged errors committed during the progress of the case below. We have carefully considered each of those contentions and found most of them to be without merit. Three of the appellate points, however, require discussion.
The trial court sentenced Gary Kirkpatrick to nine and one-half years in prison *905 but suspended seven years and placed him on probation for seven years. One of the conditions of his probation required him to waive his Fourth Amendment rights. Such a condition is improper and should be stricken. Grubbs v. State, 373 So.2d 905 (Fla.1979).
The next point raised that we deem worthy of comment is the assertion that the trial court erred in denying the motion of Gary Kirkpatrick for discharge under the speedy trial rule vis-a-vis the misdemeanor aspect of the conspiracy count. As indicated earlier, that count charged a conspiracy to possess with intent to sell and deliver and bring into the State of Florida in excess of 28 grams of cocaine and in excess of 200,000 methaqualone pills. The first objective of the conspiracy is a felony, the second is a misdemeanor. As to the misdemeanor aspect of the conspiracy, it is contended that it was incumbent upon the State to bring those defendants to trial within 90 days, Florida Rule of Criminal Procedure 3.191(a)(1), and since the State failed to do so those defendants were entitled to discharge.
We hold that, where a conspiracy has as its objective several acts which constitute both felonies and misdemeanors, the conspiracy charge need not be tried within 90 days (the period within which a defendant must be tried on a misdemeanor charge or, upon motion, discharged from custody on that charge); but if a defendant is not tried within that time the acts that constitute misdemeanors cannot be relied upon to prove the conspiracy. Where a conspiracy has as its object the commission of several different crimes, proof of the conspiracy to commit any single one of the crimes charged is sufficient. United States v. Mack, 112 F.2d 290 (2d Cir. 1940). Appellant’s plea of nolo contendere to Count IV cannot be affected by the fact that 90 days had passed since appellants were taken into custody because one of the objects of the conspiracy was the commission of a felony, i.e., trafficking in drugs by possessing with intent to sell and deliver and import in excess of 28 grams of cocaine in violation of Section 893.13(l)(a), Florida Statutes (Supp. 1980). We analogize the rule set forth in Mack, supra, and conclude that whether the time for trial as to the misdemeanor aspect of the conspiracy had expired is of no import because the felony aspect thereof was still viable. Also supporting our conclusion is the rule that:
[0]n conviction of a charge of conspiracy to commit two or more offenses for which different penalties are provided, only one sentence is to be imposed, and that should be based on the penalty prescribed for conviction of conspiracy to commit the higher of the crimes so stated. Corbo v. State, 347 So.2d 133, 135 (Fla. 3d DCA 1977)
Thus, in the present case the circuit court, pursuant to Gary Kirkpatrick’s nolo conten-dere plea to the offense of conspiracy to commit a felony, had a sufficient basis to support acceptance of the plea without relying in any way upon the misdemeanor aspect of Count IV.
The final appellate point warranting discussion is Jenison’s contention that the trial court erred in instructing the jury as to the effect his alleged status as a confidential informer should have on the three offenses with which he was charged.
The State’s evidence showed that, as a result of a conspiracy, a plane was flown to Colombia by Gary Kirkpatrick and Wroten to obtain a large quantity of cocaine. However, instead of picking up cocaine, they returned with the methaqualone pills.
Jenison maintained throughout the proceedings in the circuit court that, while he participated with the other defendants in a conspiracy to import cocaine from Colombia, he did so only as an informer working under the supervision of an appropriate law enforcement agency. Thus, it was Jenison’s contention that he was not guilty of the commission of any crime. There was evidence adduced in support of that contention and the judge agreed to submit that issue to the jury. During closing arguments Jen-ison’s lawyer and the prosecutor both made considerable reference to the “informer exception” defense to the charges against Jen- *906 ison and the jury was apprised that the court would instruct them on that defense. In that regard the court instructed the jury as follows:
Now, there are some exceptions to the law making it a crime to either import or possess controlled substances and those exceptions are provided by the law and this particular instance, those exceptions apply to certain persons and the exceptions are that — that is it doesn’t apply to those persons, officers or employees of State, Federal or local governments, acting in their official capacity only or informers acting under their — that is under officers of State, Federal or local Government, acting in their official capacity, under their jurisdiction.
In the absence of any evidence tending to show that the defendant was within one of these exceptions, you cannot find him not guilty on the grounds that his acts may have come within an exception. However, if there is any evidence tending to show that the defendant was, in fact within one of those exceptions, then the burden rests upon the state to prove, beyond a reasonable doubt, that the defendant was not within that exception. (Emphasis added.)
Jenison objected to this instruction and advised the court that it had failed to include the conspiracy count in the “informer exception” and he requested the jury be rein-structed properly. The court refused the request. Later the jury requested further instructions on several points, and the court agreed to reinstruct the jury on those points. The reinstruction included the charge regarding the “informer exception” as set forth above, again omitting the conspiracy count. In addition, the instruction as delivered was extremely confusing. The jury found Jenison not guilty on Count I, importing methaqualone; not guilty on Count II, possessing of methaqualone; not guilty of conspiracy to import or possess methaqualone; but guilty of conspiracy to traffic in cocaine. Keeping in mind Jeni-son’s admission that he took part in the cocaine conspiracy and his contention that he did so solely as an informer, we recognize that the omission of the conspiracy count from the instruction on the informer exception was crucial. The trial court tailored the instruction to fit the importation and possession counts but omitted the conspiracy count. Had the jury found Jenison guilty on Counts I and II and not guilty on the conspiracy count, we could readily hold the omission was harmless error. But under the circumstances, the error in failing to properly instruct the jury in this regard appears to us to be prejudicial and thus reversible.
Accordingly, the judgments and sentences appealed from by appellants Russell Kirkpatrick and Cecil Wroten are affirmed. The judgment and sentence appealed from by Gary Kirkpatrick is affirmed in all respects except that the condition of probation requiring waiver of Kirkpatrick’s Fourth Amendment rights is stricken. The judgment and sentence appealed from by Jenison is reversed and the cause is remanded for a new trial as to him.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BERANEK and DELL, JJ., concur.