*588 JUSTICE KOONTZ,
dissenting.
I respectfully dissent.
While I agree with the majority’s view that Anderson’s waiver of his Fourth Amendment rights was made knowingly and voluntarily, and that the trial court acted within its discretion in making this a condition of Anderson’s suspended sentence, I do not agree that “the scope of the waiver needed to be broad, requiring Anderson to submit his person and property to search or seizure at any time by any law enforcement officer.” Rather, I would adopt the view of the dissent in the Court of Appeals that the scope of the waiver was limited to its intended purpose of “allowing] law enforcement officers, including the defendant’s probation officer, who knew of the defendant’s probationary status, to be able to monitor the defendant’s conduct and behavior by searching him, his home, his vehicle, or personal belongings without notice and without probable cause.” Anderson v. Commonwealth, 25 Va. App. 565, 578, 490 S.E.2d 274, 280 (1997) (Coleman, J., concurring in part, and dissenting in part); see also Anderson v. Commonwealth, 26 Va. App. 535, 495 S.E.2d 547 (1998) (en banc) (four judges dissenting for the same reasons set forth in the panel dissent).[3]
Waivers such as the one obtained in this case are not intended to provide the state with an absolute authority to harass the probationer with impunity. United States v. Johnson, 722 F.2d 525, 527 (9th Cir. 1983). Rather, they “allow officials to monitor [a probationer’s] activities . . . tied to the rehabilitative purpose of his probationary sentence.” Allen v. State, 369 S.E.2d 909, 910 (Ga. 1988). If such were not the case, the generalized inclusion of such language in all plea agreements by the Commonwealth would unquestionably lead to abuse of the waivers by law enforcement officials.
Here, the Commonwealth concedes that the officers did not conduct their search of Anderson with knowledge of the waiver or to assure that Anderson was adhering to the conditions of his suspended sentence. Accordingly, I would hold that the search exceeded the scope of the waiver and was not otherwise founded on voluntary consent or reasonable grounds sufficient to overcome Anderson’s *589 Fourth Amendment privilege. For these reasons, I would reverse the judgment of the Court of Appeals.

 Although on brief Anderson uses the language that the waiver “did not have to be related to the supervision of [his] probation” quoted by the majority as a concession by Anderson, a fair reading of that language in context of Anderson’s argument does not support the conclusion that it was a concession of anything. Rather, it was an inartful way of addressing the broad scope of the waiver that unquestioningly was challenged by Anderson.