COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Senior Judge Coleman
Argued at Richmond, Virginia

TERRENCE JANSSEN DAVIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0462-07-2                      JUDGE D. ARTHUR KELSEY
                                                        MARCH 11, 2008
COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                            Clarence N. Jenkins, Jr., Judge

            James L. McLemore, IV, for appellant.

            Josephine F. Whalen, Assistant Attorney General II
            (Robert F. McDonnell, Attorney General, on brief), for
            appellee.


        Finding Terrence Janssen Davis in violation of the terms of his probation, the trial court

revoked a portion of Davis's suspended sentence on convictions for failing to register as a

convicted sex offender.  On appeal, Davis argues that the trial court abused its discretion by

finding he violated a valid condition of probation and by punishing him for refusing to

incriminate himself.  Disagreeing with both arguments, we affirm.

                                            I.

        After being convicted pursuant to a guilty plea of aggravated sexual battery and sodomy,

Davis failed in 2005 and 2006 to register as a violent sex offender with the Virginia State Police.

Davis pled guilty to three felony indictments alleging violations of Code § 18.2-472.1.  His

conviction order imposed a total of 15 years' incarceration and suspended all but six months.

The trial court placed Davis on supervised probation, ordering him to "comply with all the rules

and requirements set by the Probation Officer."

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon his release, Davis entered intensive supervision in the sex offender unit of the probation office. The probation officer directed Davis to attend a sex offender treatment evaluation. At his first meeting with the counselor, Dr. James O'Quinn, Davis became confrontational and declared he would not comply with the evaluation. Despite his guilty pleas and convictions, Davis insisted he was not guilty of any sexual offenses. At a second meeting with Dr. O'Quinn, Davis again displayed a poor attitude and put forth minimal effort.

When Davis repeated his highly confrontational behavior at a third meeting, Dr. O'Quinn suspended further evaluations until Davis submitted to a polygraph test. Still protesting his innocence, Davis complied. The polygraph examiner reported that Davis was deceptive when questioned about his prior sexual crimes. Dr. O'Quinn agreed to work with Davis on his "denial issues." When two additional meetings proved unproductive, however, Dr. O'Quinn finally concluded that Davis was "untreatable" and terminated any further sessions. Davis was arrested for his failure to comply with treatment.

The probation officer reported these facts to the trial court and recommended that Davis be found in violation of the terms of his probation. At his probation violation hearing, Davis argued that he was justified in refusing to cooperate for two reasons. First, the probation officer's instruction that Davis enter sexual offender treatment was unreasonable because the conviction order did not require it and the underlying crime did not warrant it. Second, Davis argued that a finding that he violated probation would be tantamount to punishing him for "maintaining his innocence" on the original convictions of aggravated sexual battery and sodomy. Disagreeing with both assertions, the trial court found Davis in violation of the terms of probation and resuspended all but 60 days of his aggregate sentence.

II.

We find no merit in either of Davis's challenges to the trial court's finding that he violated the terms of his supervised probation.

### A. THE REASONABLENESS OF SEX OFFENDER TREATMENT

The probation officer's authority to order sex offender treatment stemmed from the trial court's order requiring Davis to "comply with all the rules and requirements set by the Probation Officer." See generally Code § 19.2-303.3(B) (authorizing trial courts to direct criminal defendants to "abide by any additional requirements of supervision imposed or established by the local community-based probation services agency during the period of probation supervision").[1] Whether defiance of a probation officer's instructions is sufficient cause to revoke a suspended sentence rests within the trial court's "quite broad" discretion, Peyton v. Commonwealth, 268 Va. 503, 508, 604 S.E.2d 17, 19 (2004) (citation omitted), and is subject to reversal only upon "a clear showing" of an abuse of that discretion, Word v. Commonwealth, 41 Va. App. 496, 506-07, 586 S.E.2d 282, 287 (2003) (citation omitted).

When coupled with a suspended sentence, probation should be viewed as "an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement." Pierce v. Commonwealth, 48 Va. App. 660, 667, 633 S.E.2d 755, 758 (2006). "The power of the court to revoke for breach of the terms and conditions of probation should not be restricted beyond the limitations fixed by the statutes." Rease v. Commonwealth, 227 Va. 289, 294, 316 S.E.2d 148, 151 (1984). The rehabilitative purpose of probation can be "more

---

[1] Cf. Miller v. Commonwealth, 25 Va. App. 727, 743-45, 492 S.E.2d 482, 491 (1997) (A probation officer has "supervisory responsibility for [a probationer's] conduct and treatment during the course of his probation" and is "charged by law with defining a probationer's permissible or impermissible conduct.").

readily accomplished when the probationer is under the broad control of the court and the direct supervision of the court's probation officer." Id. at 294-95, 316 S.E.2d at 151.

To be sure, probation conditions must be reasonable. Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999) (The "only limitation placed upon the discretion of the trial court in its determination of what conditions are to be imposed is that a condition be 'reasonable.'" (quoting Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952))). This reasonableness requirement, however, means only that the conditions take into account the "nature of the offense, the background of the offender and the surrounding circumstances." Anderson v. Commonwealth, 25 Va. App. 565, 574, 490 S.E.2d 274, 278 (1997) (quoting Nuckoles v. Commonwealth, 12 Va. App. 1083, 1086, 407 S.E.2d 355, 356 (1991)), aff'd en banc, 26 Va. App. 535, 495 S.E.2d 547, aff'd, 256 Va. 580, 507 S.E.2d 339 (1998).

We have no concern over the reasonableness of the trial court's ratification of the probation officer's direction to Davis to participate in sexual offender treatment. "Sex offenders are a serious threat in this Nation." McKune v. Lile, 536 U.S. 24, 32 (2002) (plurality). "When convicted sex offenders reenter society, they are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." Id. at 33. "States thus have a vital interest in rehabilitating convicted sex offenders." Id. That interest in rehabilitation fully justified the probation condition imposed upon Davis requiring him to participate in sex offender treatment. The nature of the offense for which Davis was on probation was his failure to register as a sex offender. His background includes convictions, based upon guilty pleas, of aggravated sexual battery and sodomy. Davis's demonstrated propensity for sexual offenses and his unwillingness to register as a convicted sex offender, the trial court correctly concluded, made

him a prime candidate for sexual offender treatment while he enjoyed his liberty during the period of probationary grace from his 15-year penitentiary sentence.[2]

### B. DAVIS'S CLAIMED RIGHT AGAINST SELF-INCRIMINATION

We also reject Davis's argument that the trial court's finding that he violated probation somehow offended his right against self-incrimination.

Commenting on the evidence, the trial court noted that Dr. O'Quinn was "not trying to force [Davis] to admit, but was just going to work with him on some of these issues." Despite this effort, the trial court found, Davis continued his pattern of "confrontation" up until the last meeting with Dr. O'Quinn. The evidence before the trial court supports this finding. At every meeting with Dr. O'Quinn, Davis displayed a recalcitrant attitude wholly inappropriate for a productive therapeutic meeting. The issue was not so much his refusal to admit what he had done, but his refusal to cooperatively participate in the program because he believed it unnecessary given his protestations of innocence. This he had not even an arguable right to do.[3]

---

[2] In his appellate brief, Davis also argues he should not have been ordered into sex offender treatment because his plea agreement did not mention the subject. See Appellant's Br. at 4-5. Whatever the merits of this argument, we will not address it because Davis never raised this point in the trial court and cannot do so for the first time on appeal. See Rule 5A:18. "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004); see also West Alexandria Prop., Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) ("On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court.").

[3] Given our ruling, we need not address the Commonwealth's argument that the privilege against self-incrimination applies only to statements that might incriminate an individual "in *future* criminal proceedings," Venable v. Commonwealth, 48 Va. App. 380, 386, 632 S.E.2d 1, 4 (2006) (emphasis added) (quoting Minnesota v. Murphy, 465 U.S. 420, 426 (1984)) — an impossibility here because Davis had already been convicted, based upon guilty pleas, of the underlying offenses. See Murphy, 465 U.S. at 425 n.7.

III.

In sum, the trial court did not abuse its discretion in finding Davis in violation of the terms of his probation. We affirm the trial court's order revoking and resuspending all but 60 days of the remaining sentences imposed upon Davis by the conviction orders.

Affirmed.